In the Matter of the Application of WILBUR D. LOCKWOOD for an Order Commanding His Reinstatement as Superintendent of Highways, Putnam County, New York, Petitioner, Respondent, against J. HENRY EKSTROM and Others, Constituting the Board of Supervisors, County of Putnam, State of New York, Appellants, and GRACE A. REAVY and Others, Constituting the Civil Service Commission of the State of New York, Intervening Respondents, Appellants.

Second Department, March 31, 1941.

*John E. Mack* [*John J. Bennett, Jr., Attorney-General; Everett D. Mereness, Assistant Attorney-General,* with him on the brief], for the appellants.

*Paul L. Bleakley,* for the respondent.

PER CURIAM. The appeal is from an order under article 78 of the Civil Practice Act, directing the board of supervisors of the county of Putnam to reinstate Wilbur D. Lockwood as superintendent of highways of the county of Putnam, and to pay to him his salary from July 1, 1940, and requiring the State Civil Service Commission to certify the payroll for Lockwood at the rate of $3,000 a year.

The purported appointment by the board of supervisors of Lockwood as superintendent of highways, at a salary of $3,000 a year, plus $600 for expenses, to take effect April 15, 1938, was illegal. The illegality resulted from the fact that he was appointed from a list established by the State Civil Service Commission following a competitive examination of applicants based on a notice that one appointment was expected at a salary of $1,200 a year. The notice had the effect of dissuading persons who were unwilling to consider such a position on the specified basis of compensation, but who would have been interested if the compensation given to Lockwood had been stated in the notice.

From the date of the appointment down to July 1, 1940, the State Civil Service Commission insisted that the appointment was provisional and could not be recognized as permanent or for a definite term because the salary of Lockwood had been fixed at an amount greater than that stated in the notice of examination of applicants prior to the establishment of the list. The payroll was certified subject to such ruling by the State Civil Service Commission, although the salary vouchers contain no such reservation. The vouchers, however, are to be read in connection with the payroll. In any event, the Civil Service Com-

mission is not estopped from insisting upon a valid appointment as a prerequisite to a certification of Lockwood as a permanent, as distinguished from a temporary or provisional, appointee. *People ex rel. Joyce* v. *Schirmer* (253 App. Div. 845) is not to the contrary. There the eligible list from which the petitioners were appointed was established by the Commission, and as was stated in that case, " there is no claim of fraud or irregularity in making the appointments." *Matter of MacDonald* v. *Ordway* (219 N. Y. 328) also is not to the contrary. In that case it was pointed out that there was no statute, nor rule of the Civil Service Commission, directing or empowering the Civil Service Commission to state in the notice of examination of applicants for the position the salary attached to that position. Now there is such a rule (Rule VIII, subd. 2, Rules for the Classified Civil Service, State Civil Service Commission) adopted by the Commission apparently to avoid the effect of the ruling by a four to three vote in the *Mac-Donald* case, which expressly provides that a certification shall not be made from a list at a salary in excess of that specified in the announcement of the examination, unless authorized by the Commission. The certification herein on March 25, 1938, was of three names from an established list. The notice of examination stated the appointment expected was to be on a $1,200-a-year basis, and that fact was stated in the certification. To be sure the board of supervisors, when it asked for the establishment of a list, failed to state or fix the salary expected to be paid, as required by rule VIII, subdivision 2. However, on and prior to January 28, 1937, the salary for this position had been fixed by the board of supervisors at $1,200 a year, in connection with the appointment of one Maynard, a prior temporary appointee to the position. This fixation of salary was the subject of correspondence between the representative of the board of supervisors and the State Commission on January 28, 1937, and prior thereto. Therefore, the Civil Service Commission did not establish the salary attaching to the position but accepted a salary fixed by the board of supervisors. Moreover, if that salary when specified in the notice of examination of applicants was not satisfactory to the board of supervisors, it could have so advised the Civil Service Commission and a new notice could have been issued on a salary basis fixed by the board of supervisors. In fact the notice of examination was changed in other particulars when a second notice issued and could have been changed in respect of the salary if the board of supervisors had so desired. Even now a new list can be established on a $3,000 basis or any other salary basis, if the board of supervisors so desires.

The order should be reversed as a matter of law and not in the exercise of discretion, without costs, the motion denied and the proceeding dismissed, without costs.

LAZANSKY, P. J., HAGARTY, CARSWELL, JOHNSTON and ADEL, JJ., concur.

Order reversed as a matter of law and not in the exercise of discretion, without costs, the motion denied and the proceeding dismissed, without costs.