In the Matter of VITO P. BATTISTA, Petitioner, against WILLIAM C. VLADECK et al., Respondents.

Supreme Court, Special Term, New York County, July 7, 1943.

*Robert H. Schaffer, Acting Corporation Counsel (Morris Shapiro of counsel), for respondents.*

*Leopold V. Rossi for petitioner.*

EDER, J. Proceedings under article 78 of the Civil Practice Act to review and annul the acts of the Municipal Civil Service Commission of the City of New York, and to nullify the appointment of the respondent Vladeck as Chief of Project Planning, New York City Housing Authority. Motion by respondents to dismiss the proceeding upon the ground that it is barred by the Statute of Limitations. (Civ. Prac. Act, § 1286.)

The basis of the proceeding herein is the petitioner's contention that the respondent Vladeck did not possess the necessary requirements making him eligible to participate in the examination for that position.

It is the duty of the Commission, and it has the authority, to conduct civil service examinations and it has the further duty and authority of rating examinations, and publishing and promulgating eligible lists and certifying the names of persons appearing on said lists for appointment to the New York City Housing Authority and other departments, and that Authority has the duty and power to make appointments from eligible lists certified to it by the Commission.

Applications for examination were received by the Commission pursuant to notice of examination on or before January 26, 1942; a written examination was held on May 6, 1942, and an oral one held on August 24, 1942. The Commission promulgated an eligible list on October 7, 1942; on December 2, 1942, petitioner filed a protest with the Commission claiming that the respondent Vladeck was ineligible for entrance to the examination in that he lacked the minimum legal requirements for entrance to the examination. Nonetheless the said Vladeck was certified for appointment and was appointed to the mentioned position. This proceeding was instituted by order to show cause dated May 3, 1943, and service made on respondents on May 4, 1943. Section 1286 of the Civil Practice Act requires a proceeding under article 78 to be instituted within four months after the determination to be reviewed becomes final and binding upon the petitioner or the person whom he represents, either in law or in fact, or after the respondent's refusal, upon the demand of the petitioner or the person whom he represents, to perform his duty, as the case may be.

It is the contention of the respondents that this Statute of Limitations is a bar to this proceeding in that it was begun more than four months after the promulgation of the eligible list, which occurred on October 7, 1942.

The question to be decided is the date when the determination of the Commission became final and binding.

The respondent Vladeck, on January 27, 1939, was appointed provisionally to the position of Junior Administrative Assistant (Technical) and continued to hold that position until March 3, 1943; on March 4, 1943, he was certified and appointed to his present position from the eligible list promulgated by the Commission. This fact the petitioner alleges he did not learn until he first read of such appointment in the *City Record*, the official journal of the City of New York, sometime in April, 1943.

The petitioner contends, with respect to the application of section 1286, that the determination herein became final and binding as soon as the respondent Vladeck was appointed, which

occurred on March 4, 1943, as up and to the time of the certification of said respondent, the Commission could have eliminated his name from the eligible list because he lacked the necessary requirements.

I am inclined to view this as a tenable claim, because the object of promulgation is to make known or announce officially or formally to the public. As said in *Brown* v. *Democratic Parish Committee* (183 La. 967): "The purpose of promulgation is to give notice." It does not follow that the decision or determination of which notice is given by promulgation is final; that depends upon its legal effect, wholly independent of the fact that notice of the decision has been given.

When the Commission, on October 7, 1942, published an eligible list for the mentioned position and placed the name of the respondent Vladeck thereon, it was not a determination final and binding, for as I interpret *Matter of Wolff* v. *Hodson* (285 N. Y. 197, 202–203) the Commission may not, after certification, change or recall its action in placing one upon an eligible list, but such power resides in the Commission and is retained by it prior to and up to the time of such certification. Here the respondent Vladeck was appointed to his present position on March 4, 1943, and thereupon the determination of the Commission became final and binding for it was then divested of any further authority or power to remove or recall the respondent Vladeck's name from the eligible list. The running of the four months' period fixed by section 1286, as the Statute of Limitations, began from that date, and in the situation present here I am unable to conclude that under the doctrine of administrative finality the date of promulgation of the eligible list constituted a determination final and binding upon the petitioner, either in law or in fact, or that the date of such promulgation operated to bring about the running of the statute in any form whatever.

Accordingly, the motion to dismiss this proceeding upon the ground that it is barred by the Statute of Limitations pursuant to section 1286 of the Civil Practice Act is denied. Settle order.