Walter A. Lynch, J.
This is a proceeding under article 78 of the Civil Practice Act brought by the petitioner to require the respondents to restore petitioner’s name to the eligible list made in connection with an examination for assistants to principals in the public schools of the City of New York and to appoint him as such assistant principal.
The respondents hereinafter referred to as the “Board” announced an examination for license as assistant to principal in day elementary schools. The examination consisted in part of a written test, in part of a supervision test, in part of an interview test, in part of an inquiry into training and experience, *125 and finally in part of a physical and medical examination, the written part being in two sections, to wit, a short answer test and an essay test. The first four were assigned weights: 35% for the written test; 20% for the supervision test; 15% for the interview test and 30% for training and experience making a total of 100% for weights.
The petitioner herein, among others, was an applicant for license and on November 3, 1953 took the short answer test. After the short answer test had been given, the Board fixed the passing mark for the entire written test at 65%. Thereafter and on December 28 and 29, 1953 the petitioner took the essay test. The Board meanwhile had authorized an arithmetic addition of 5% to the average obtained in the entire test, thereby, in effect, reducing the passing mark in the written test from 65% to 60%. Thereafter on March 31, 1954 or thereabouts, the Board gave formal written notice to those who had failed the written test and who by reason of said failure, were excluded from further participation in the examination for assistant principal. Petitioner was not among those to whom the formal written notice of failure had been sent and was therefore permitted to participate in the later phases of the examination, which indicated, of course, that petitioner had successfully passed the short answer test with at least a passing mark of 60%. Petitioner took the various subsequent examinations and received passing marks above the fixed 60%. After each phase of the examination, those who failed that particular test received a written notice of failure, which disqualified them from further competing in the examination.
In the latter part of 1954 some of the candidates who had failed either the supervision or interview tests protested to the State Commissioner of Education the 5% credit as exemplified in the reduction in the passing mark from 65% to 60% in the written test and on January 19, 1955 the State Commissioner of Education annulled the 5% free credit and ordered that all the candidates who had not attained the original 65% passing mark be eliminated from further participation in the examination. Thereupon the Board and the respondent-intervenors including the petitioner herein moved for a reargument and on June 17, 1955, the motion for a reargument was denied. On June 29, 1955 and after the motion for reargument had been denied and in accordance with the decision of the Commissioner of Education, the Board struck from the eligible list all those who had not received the original passing mark of 65% in the first or written phase of the examination. The petitioner was one of those whose name was stricken from the eligible list. *126 On appeal to the Appellate Division of the Third Department (Matter of Abramson v. Commissioner of Educ., 1 A D 2d 366), the order of the Commissioner of Education was reversed and the names of those eliminated under his order were restored to the eligible list to be promulgated as a result of the examination. Thereafter, and on May 31, 1956 all the names of those who had been stricken from the eligible list were restored thereto except the petitioner. On June 19, 1955 petitioner was notified for the first time that on the written test he had received 57.92 which with the 5% free credit would give him only 62.92 or 2.08 below the passing mark.
The position of the petitioner is most unfortunate but the court is constrained to deny his petition. The fact that he was not promptly notified of his failure in the first phase of the examination cannot overcome the conceded fact that he did not receive a passing mark in the said first phase. However it appears that the notice calling the petitioner for the interview contained the following statement: “ The sending of this notice is not to be taken as an indication that all previous parts of the examination have been passed.”
The Constitution of the State of New York (art. V, § 6) provides: 11 Appointments and promotions in the civil service of the state and all of the civil subdivisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive ”.
Section 2573 of the Education Law of the State of New York, which establishes the manner in which personnel of the board of education other than examiners shall be appointed, provides in part as follows: “ 10. In a city having a population of one million or more, recommendations for appointment to the teaching and supervising service, except for the position of superintendent of schools, * * * shall be from the first three persons on appropriate eligible lists prepared by the board of examiners ”.
Subdivision 1 of section 2569 of the Education Law provides : “ In a city having a population of one million or more there shall be a board of examiners to consist of nine members, one of whom shall be the superintendent of schools or an associate superintendent designated by him to act in his stead * * *. It shall be the duty of the board to hold examinations whenever necessary, to examine all applicants who are required to be licensed or to have their names placed upon eligible lists for appointment in the schools in such city, except examiners, and to prepare all necessary eligible lists ”,
*127 Thus, it is shown that the power and the jurisdiction of the board of examiners in the matter of certifying petitioner’s name for appointment as the result of an examination taken by him, is controlled by certain provisions of the Constitution of the State of New York, and of applicable statutes which also protect the rights of those lawfully entitled to be appointed to positions in the public school system after they have demonstrated merit and fitness by examination held pursuant to the Constitution and statute.
It appears that petitioner does not question the fairness of the mark he received; that he was permitted to take subsequent parts of the examination through the error of a clerk who mistakenly placed petitioner’s I.B.M. card in the wrong file. Appointment to a position such as one sought by petitioner may not be properly based on mistake. Even if petitioner was certified and appointed before the error was discovered, the board of examiners had the authority to revoke such certification and appointment (Matter of Romanchuk v. Murphy, 200 Misc. 987).
In the circumstances herein, unfortunate as they are, it cannot be said that the determination of respondents was without reasonable basis.
Application is denied and petition dismissed.