THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD J. JOYCE, HOWARD P. CAVANAUGH, EDWARD DEUTERMAN, DONALD J. CAMPBELL, and EDWARD J. MACDONALD, Respondents, v. EDWARD SCHIRMER and Others, Composing the Civil Service Commission of the City of White Plains, Appellants.— Petitioners are members of the police and fire departments of the city of White Plains. They passed competitive promotion examinations and were so notified by appellants, who constitute the civil service commission of that city. They were appointed to the respective positions for which they had taken examinations and the appointments were made from eligible lists formulated by the commission, and they were notified by the city clerk of their appointments, took the oath of office, assumed their duties, and their names appeared on the payrolls certified by the commission and they were paid their salaries on April 15 and April 30, 1937, under their new titles. Subsequently appellants refused to certify the payrolls bearing petitioners' names under their new titles and for their increased compensation, claiming that their appointments were illegal in that the ratings of the candidates on the subject of experience, efficiency and special fitness were made by the commissioner of public safety and not by the commission. Thereupon petitioners applied for a mandamus order requiring appellants to certify the payrolls. The Special Term granted an alternative order. It is not disputed that the eligible lists from which petitioners were appointed were established by the commission and certified to

the appointing authority, and there is no claim of fraud or irregularity in making the appointments. Under the circumstances, appellants were not justified in refusing to certify the payrolls. (*People ex rel. Finnegan* v. *McBride*, 226 N. Y. 252.) Appellants having certified the eligibility of petitioners, their certification was controlling on the commissioner of public safety; and when petitioners were appointed and qualified and assumed their respective positions they acquired good title thereto and may be removed only in the manner provided by law. (*Matter of Lazenby* v. *Municipal Civil Service Com.*, 116 App. Div. 135.) There being no disputed question of fact, petitioners are entitled to a peremptory order. Order modified so as to provide that the direction for alternative mandamus order be struck out and that in its place there be inserted a provision that a peremptory order of mandamus issue. As so modified, the order is unanimously affirmed as a matter of law and not in the exercise of discretion, with costs to respondents. Present — Hagarty, Johnston, Adel, Taylor and Close, JJ.