In the Matter of IRVING WOLFF, Appellant, against WILLIAM HODSON, as Commissioner of Public Welfare of the City of New York, Respondent.

Argued January 7, 1941; decided March 13, 1941.

*Murray B. Hillman* ˙for appellant.

*William C. Chanler, Corporation Counsel* (*David Du Vivie* and *Paxton Blair* of counsel) for respondent.

LEHMAN, Ch. J. The petitioner, Irving Wolff, in March, 1938, was appointed to the position of social investigator in the Department of Welfare, City of New York, at a yearly salary of $1,500. His appointment was made from an eligible list furnished to the Commissioner of Public Welfare by the Municipal Civil Service Commission after the petitioner had passed a competitive examination held by the Commission. The petitioner had previously been employed by the Public Works Administration as a supervising clerk at a yearly salary of $1,440. He resigned that

position in order to accept the appointment in the competitive civil service and assumed the duties of his new position on April 4, 1938.

A little more than a year thereafter, the petitioner received a letter notifying him that he was discharged and dropped from the payroll of the Department of Welfare at the close of business on the 19th day of April, 1939. The reason given was that he was disqualified by the Civil Service Commission.

The petitioner received a satisfactory rating at the end of the probationary period of his employment. He is an honorably discharged veteran soldier, having served as such in the army of the United States in the World war, and in accordance with the provisions of section 22 of the Civil Service Law (Cons. Laws, ch. 7), he may not be " removed " from his position " except for incompetency or misconduct shown after a hearing upon due notice upon stated charges." He has received no notice of any charges and no hearing has been held. Though he is not permitted to perform the duties of the position to which he was appointed, and is no longer on the payroll of the Department, no claim is made by the Commissioner of Public Welfare that he had been " removed " from his position, if his original appointment to that position was valid. The courts below have found that his separation from his position and from the payroll is justified because he was never lawfully appointed to that position.

The Civil Service Law formulates and protects rights of those lawfully appointed to positions in the civil service, after they have demonstrated merit and fitness by examination held pursuant to the Constitution and the statute. No person may assert any right to continue to hold a position to which he was not appointed in accordance with law. In opposition to an application made by the petitioner for an order directing his reinstatement in the position of social investigator, an affidavit by the Secretary of the Municipal Civil Service Commission, intended to show basic illegality in the petitioner's appointment, was presented.

Only those who can meet the educational requirements formulated by the Municipal Civil Service Commission were eligible for the examination which the petitioner took and passed. These requirements were " graduation from a recognized college following a four-year course " or one or more complete years " of education *beyond senior high school,*" combined with a type of experience, defined by the Commission, for periods varying with the number of years of the education of the applicant " beyond senior high school " or, in the alternative, " a manifest equivalent " of the above combinations of education and experience beyond the required minimum of graduation from high school. It is alleged in the affidavit of the Secretary of the Municipal Civil Service Commission that: " In his experience paper petitioner stated that he had attended Public School No. 77, Normal School for three years and DeWitt Clinton High School from September, 1913, to June, 1914. In accordance with this statement he received a final rating on the examination of approximately 72% and passed the examination. Thereafter he was declared eligible and certified to the position of Social Investigator, Grade 1, in the Department of Welfare," and that " upon further investigation, however, it was disclosed that petitioner was not a graduate of a senior high school and had, in fact, never attended high school and had taken no courses after he left elementary school." It is upon this alleged misstatement by the petitioner that the claimed justification for the petitioner's discharge is based.

It is the function and duty of the Civil Service Commission to pass upon the educational qualifications of applicants for civil service examination, then to rate the standing of those who have been admitted by the Commission to the examination and thereafter to furnish to the appointing power, upon request, a certified list of those graded highest in the competitive examination. The appointing officer cannot question the determination of the Commission as certified to him. Any determination of eligibility made by the Commission is conclusive upon the appointing officer

and an appointment made from such list is lawful and in accordance with the provisions of the Constitution and statute even though the Commission erred in determining the eligibility of those on the eligible list. The Commission may not thereafter refuse to recognize an appointment made from its own eligible list merely because it erred in its determination of matters which it alone had power and jurisdiction to determine. So we held in *Matter of Lazenby* v. *Municipal Civil Service Commission* (116 App. Div. 135; affd., 188 N. Y. 588). (See, also, *People ex rel. Joyce* v. *Schirmer*, 253 App. Div. 845; affd., 277 N. Y. 676.)

A different question is presented where a statute or ordinance defines required qualifications for appointment to office instead of placing upon the Civil Service Commission the function and duty of determining such qualifications. Then, perhaps, the appointing officer may share with the Civil Service Commission the responsibility of determining whether eligibility exists, and neither can confer upon an applicant eligibility for appointment denied to him by the Legislature. That is, however, not the case here. Nor did this court in the cited cases decide or say that an appointment is valid and not subject to revocation where the Civil Service Commission has been induced by the misrepresentation of an applicant to admit him to examination and to give him a rating upon the eligible list from which the appointment was made though in fact the applicant did not possess the qualifications formulated by the Commission. Such questions must await determination when presented upon an appeal where they might be decisive.

In this case, though the Secretary of the Civil Service Commission asserts in his affidavit that the alleged misrepresentations were fraudulently made, there is no claim that, even if true, they would have shown that in fact the applicant met the educational requirements as defined by the Civil Service Commission, or that the alleged misrepresentations misled the Commission into the error of holding him eligible for the examination. At the time the examination was held, the Appellate Division had decided (*Matter of*

*Grout* v. *Finegan*, 250 App. Div. 753) that persons similarly situated might be given credit for experience in local emergency relief bureaus and were eligible for admission to the examination, and it was because of that decision that the applicant was admitted to the examination. The applicant's lack of eligibility for the examination was made manifest by the reversal of the decision in the *Finegan* case upon appeal to this court (275 N. Y. 252), not by discovery of the alleged misstatement by the applicant.

The applicant denies that he ever intentionally or fraudulently misstated the extent of his previous education and the courts below have not determined that there was fraudulent misstatement. The charge that the defendant committed fraud is made against the petitioner, not as justification for the determination that his appointment was invalid from its inception, but rather as the basis for a claim that the petitioner was given a " hearing " and found guilty of the charge of fraud because in an interview which, it is said, the Secretary of the Commission had with him, he admitted that he had misstated his educational qualifications and " that he did not have the minimum required of high school graduation necessary for the position of Social Investigator, Grade 1." That contention is not seriously urged upon this appeal. If the appointment conferred upon the applicant any right of tenure, the interview with the Secretary of the Commission does not, it is clear, constitute the kind of hearing to which the applicant was entitled before he could be " removed." We do not now decide whether an intentional misstatement in an application even upon a matter which is in law not material would not be sufficient ground for " removal " where the applicant is found guilty upon charges made in accordance with the Civil Service Law.

In *Matter of Lazenby* v. *Commission* (*supra*) and *People ex rel. Joyce* v. *Schirmer* (*supra*) this court has decided that the Civil Service Commission has no inherent authority to correct its own error in determining eligibility to take an examination or in rating those who passed the exami-

nation, after an applicant has been appointed from an eligible list prepared by the Commission. The Corporation Counsel urges in his brief that these cases are clearly distinguishable because the certification here was not a final one but was " *expressly conditioned as ' subject to future investigation.' * " (Italics in brief.) The Civil Service Law does not authorize the Commission to make a certification " conditioned " upon " future investigation " which may be conducted after an appointment has been made and it is not without significance that nowhere in the opposition affidavits is there any claim that the Commission's certification of the eligible list was merely provisional and subject to a retained power of revocation. The belated claim that the certification was so conditioned is based only upon a statement in a letter from the applicant to the Commission in which he says, " I was certified to the Department of Welfare subject to future investigation." There can be no reservation of power in the Commission to annul a determination after it has been acted upon.

The order of the Appellate Division and that of the Special Term should be reversed, with costs in all courts, and the application of the petitioner for an order directing his reinstatement granted.

CONWAY, J. (concurring). The petitioner in order to establish his eligibility for the examination for the position of social investigator, Grade One, for the Department of Welfare of the City of New York, stated that he had attended Public School No. 77, Normal School for three years and DeWitt Clinton High School from September, 1913, to June, 1914.

The requirements for those taking the examination were in part: " graduation from a recognized college following a four-year course " or one or more complete years " of education *beyond senior high school.*"

A normal school is one which provides education beyond that supplied by a senior high school.

This was a false statement made by the applicant for the purpose of obtaining admission to an examination and constituted a fraud upon the Civil Service Commission.

Where there is proof of such fraud the doctrine of *Matter of Lazenby* v. *Municipal Civil Service Com.* (116 App. Div. 135; affd., 188 N. Y. 588) is not controlling, and charges based upon such fraud may be preferred against the applicant, after his appointment, by the Civil Service Commission or the appointing officer. To hold otherwise would put a premium upon the concealment of a fraud, practiced upon the Civil Service Commission and the appointing officer, until after the appointment had been made.

Here the applicant has admitted that he misstated his educational qualifications and " that he did not have the minimum requirement of high school graduation necessary for the position of Social Investigator, Grade 1." Not only did he confess to a misstatement of fact but on the day following his notification that the Commission would not change its original determination removing him, the petitioner made application for provisional appointment as social investigator in the Department of Welfare. In that application petitioner reiterated the misstatements regarding his educational qualifications. On the basis of the false information given on that application he was appointed as a provisional employee in the position of social investigator. Nine days later it was discovered that he had made such misstatements in his application for provisional appointment and petitioner was advised that his services were terminated forthwith.

I agree that the interview with the Secretary of the Commission does not constitute the kind of hearing to which the applicant was entitled before he could be removed in accordance with the provisions of section 22 of the Civil Service Law (Cons. Laws, ch. 7) requiring " a hearing upon due notice upon stated charges."

I concur in the reversal. The question of whether there was fraud which misled the Commission or appointing officer has not yet been litigated.

LOUGHRAN, RIPPEY, LEWIS and DESMOND, JJ., concur with LEHMAN, Ch. J.; CONWAY, J., concurs in separate memorandum, in which FINCH, J., concurs.

Orders reversed, etc.