(April 10, 1941.)

In the Matter of the Application of PAULINE SHRAEDER, Petitioner, Respondent, for a Peremptory Order against PAUL J. KERN, President of the Board of the Municipal Civil Service Commission, and Others, Appellants.

PER CURIAM. The petitioner having been duly certified and appointed, and having completed her probationary period, was not subject to removal except in accordance with the provisions of section 22 of the Civil Service Law. (See *Matter of Wolff* v. *Hodson*, 285 N. Y. 197, and *Matter of Podell* v. *Hodson*, Id. ——, decided by the Court of Appeals March 13, 1941.) We do not now determine whether the alleged misstatement concerning the dates between which she was employed by the board of child welfare affords a sufficient ground for removal if the applicant is found guilty upon charges made in accordance with the Civil Service Law.

The order should be affirmed, with twenty dollars costs and disbursements.

Present — Martin, P. J., Townley, Dore, Cohn and Callahan, JJ.

Order unanimously affirmed, with twenty dollars costs and disbursements.

In the Matter of the Application of MORRIS L. COHEN, as Administrator, etc., of FANNIE COHEN, Also Known as ZATAL DARDICK, ZATAL DOODICK, FANNIE DARDICK and FANNIE DOODICK, Deceased, to Discover Property of Said Decedent Claimed to Be Withheld.

MORRIS L. COHEN, Respondent; LOUIS DARDICK, Appellant.

PER CURIAM. Upon the present record the evidence preponderates in favor of the appellant and tends to establish a valid transfer made to enable him to support the infant child of the deceased. Under all the circumstances, however, we think there should be a new trial in order that the facts surrounding the transactions may be more fully developed.

The decree of the surrogate should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Present — O'Malley, Townley, Glennon, Untermyer and Cohn, JJ.

Decree unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.