In the Matter of GEORGE F. McINERNEY et al., Petitioners, against LEWIS J. VALENTINE, as Police Commissioner of the City of New York, et al., Respondents.

Supreme Court, Special Term, New York County, July 7, 1943.

*Goldenkoff & Murphy* for petitioners.

*Robert H. Schaffer, Acting Corporation Counsel (Harry Hollander* of counsel), for respondents.

EDER, J. Proceeding under article 78 of the Civil Practice Act to annul the action of respondents revoking petitioner's appointment to the police force of the City of New York

and directing that he be restored to his position as patrolman. He duly filed his application, passed the examination, was certified for appointment, was thereafter appointed on February 17, 1943, and thereafter his name was ordered removed from the list for patrolman, and his appointment revoked, effective midnight, June 30, 1943. No question of fraud or bad faith is involved on either side; the equities are with the petitioner; purely a question of law is involved.

Section 434a–8.0 of the Administrative Code of the City of New York (L. 1937, ch. 929) provides in part as follows: " Only persons shall be appointed patrolmen who shall be at the date of the filing of an application for a civil service examination less than twenty-nine years of age " (subd. a).

" Preliminary to a permanent appointment as patrolman there shall be a period of probation for such time as is fixed by the civil service rules, and permanent appointments shall only be made after the required probationary period has been served  *  *  * " (subd. c).

The petitioner, when he filed his application in writing with the Municipal Civil Service Commission, stated his age, from which it appeared that he was twenty-seven days over the age of twenty-nine years. Nonetheless he was certified for appointment and appointed; later the fact that he was over age was discovered, culminating in his appointment's being revoked. The lack of prior discovery is explained by the respondent Commission as being due to a condition which made it impossible for the Commission to examine each application to determine whether each applicant was eligible to take the examination and no preliminary investigations of the qualifications of applicants were made. When the Commission later discovered that the petitioner did not meet the statutory requirements as to age it acted in the manner stated.

By a letter dated February 6, 1943, the Commission certified to the Police Commissioner the name of petitioner for appointment as patrolman, but the certification was expressly made " subject to future investigation ".

The position of the petitioner is that since he was appointed after a certification by the Commission it was without power to revoke his certification and that the Police Commissioner was without authority to dismiss him; and the point is also made that the Civil Service Law does not authorize the Commission to make a certification conditioned upon future investigation. This latter point is well taken (*Matter of Wolff* v. *Hodson,* 285 N. Y. 197, 204) ; the point of concern is whether the petitioner's

appointment could be lawfully revoked after his certification and appointment.

The crux of the matter, in my opinion, is whether petitioner was ineligible to file his application and whether his appointment was void *ab initio*. If these be answered in the affirmative, the action of the respondents was lawful and proper and petitioner has no valid cause for complaint; and such is the conclusion I reach.

When the Legislature fixes and prescribes terms and conditions of eligibility, they must be complied with and, unless they are complied with, one who gains the office does not hold it either *de facto* or *de jure,* but is viewed and regarded as a usurper, on the theory that he was ineligible for appointment, *ab initio.* (*Matter of Wolff* v. *Hodson, supra; Matter of Chiaverini* v. *Murray,* 237 App. Div. 856, affd. 262 N. Y. 573; *Matter of O'Brien* v. *Delaney,* 255 App. Div. 385, affd. 280 N. Y. 697; *Matter of Pape* v. *Kern,* 176 Misc. 36, mod. 263 App. Div. 557; *Matter of Ferdinand* v: *Moses,* 26 N. Y. S. 2d 382, affd. 262 App. Div. 1001.)

The petitioner argues that the variation in the age is so trivial as to constitute it an immaterial irregularity. That is no answer and cannot thereby render one eligible who is not. The instant case is one where the applicant was over age. In *Matter of Katz* v. *Goldwater* (260 App. Div. 495) the applicant was under age; it was held it nonetheless rendered the applicant ineligible, and reinstatement upon renewal was refused; in principle there is no distinction on that ground.

Lastly, the fact that the petitioner was certified does not alter the situation. The rules of the Municipal Civil Service Commission have the force and effect of law (Civil Service Law, § 6, subd. 1) and it is provided by subdivision 3 of section VII of rule V of the Rules of the Municipal Civil Service Commission that: "If a person who is not entitled to be certified is certified, such certification shall be revoked by notification to the appointing officer."

In *Matter of Wolff* v. *Hodson* (285 N. Y. 197, 200, *supra*) the court said: "No person may assert any right to continue to hold a position to which he was not appointed in accordance with law."

And in *Matter of Ottinger* v. *Voorhis* (241 N. Y. 49, 55): " It is well settled that the public cannot be deprived of the benefits of a statute because a public official charged with the duty of carrying out the statute is tardy or neglectful of his duty."

If the rule were otherwise the legislative intent and requisites could be set at naught by neglect, incompetence, collusion or other causes, which, of course, cannot be tolerated.

As I have said, the equities are with the petitioner, but the law respecting the matter is clear and decisive and from it there is no escape. In consequence the application must be denied. Settle order.