In the Matter of EILEEN F. ROMANCHUK, Petitioner, against THOMAS F. MURPHY, as Police Commissioner of the City of New York, et al., Respondents.

Supreme Court, Special Term, New York County, March 21, 1951.

*Edgar Lockwood, Jr.,* for petitioner.

*John P. McGrath, Corporation Counsel (Joseph E. Kingsley* of counsel), for respondents.

VALENTE, J. The petitioner brings this proceeding under article 78 of the Civil Practice Act to compel the respondents comprising the municipal civil service commission to cancel their revocation of the certification of the petitioner for appointment as policewoman, to compel the respondent police commissioner to reinstate her to the position of policewoman and to compel the respondents comptroller of the City of New York and treasurer of the City of New York to take the necessary steps to pay her the salary of such position during the period since her removal from her position.

The essential facts are not in dispute. During the month of October, 1947, the civil service commission by appropriate public notices called an examination for the position of policewoman. The petitioner filed an application and took the written examination which she passed with the mark of 73%. Subsequently, on May 19, 1949, she successfully passed the required physical examination with the mark of 91.67%. She was informed by the commission that her final average was 82.335% and that her place on the list of those eligible for appointment was 51.5. On June 24, 1949, she took and passed a qualifying oral examination and on July 14, 1950, the municipal civil service commission certified her as eligible for appointment as policewoman, to which position she was appointed on July 16, 1950. She filed her oath of office and entered upon her duties in the police department and continued to perform such duties until July 28, 1950. On that date she received written notification from the civil service commission that through an error in the computation of her final average she had been placed 51.5 on the eligible list for appointment whereas her proper position on the list is 163.5, with a final average of 76.734 instead of 82.335. The commission informed her that her certification would be revoked and the police department notified accordingly. On or about July 31, 1950, the police commissioner discharged the petitioner and dropped her from the payroll of the police

department as of the close of business on that date, by reason of the fact that her certification had been revoked.

The respondents have submitted with their answer the affidavit of the clerk in charge of the computing room of the municipal civil service commission who is in charge of the computation of the civil service eligible lists established by the commission. This clerk states that she computed the eligible list for policewoman which was published by the commission. She states that subsequently she was directed to insert in its proper place on this list the name of the petitioner after the latter had passed a special physical examination. She states that she correctly entered petitioner's ratings on the written and physical tests but " erroneously ascribed a weight of five to each of these ratings giving her a final average of 82.335 which placed her number 51.5 on the list whereas the relative weights established by the terms and conditions of this examination, as set forth in the published advertisement, were eight for the written and two for the physical test, so that her final average should have been 76.734, placing her number 163.5 on the eligible list." This clerk states in her affidavit that when this error was discovered the eligible list was accordingly revised.

A photostatic copy of the amended notice for the examination taken and passed by the petitioner is annexed to the respondents' answer. It sets forth the required particulars, pursuant to the rules of the civil service commission, relating to the salary, duties and minimum requirements for the position of policewoman and contains the following provision: " Tests: written test, weight 80, 70% required; physical test, weight 20, 70% required." The language used by the computing clerk in her affidavit " eight for the written test and two for the physical test " is the equivalent of the provision of the notice of examination " written test, weight 80 * * *; physical test, weight 20 ".

It is now well established that the municipal civil service commission has the power and the duty to rescind a certification where the applicant has made a misstatement of material fact upon which the commission has relied and upon which it has based its conclusion that the applicant was eligible to take the examination. Such power and duty exists whether the misstatement was made with fraudulent intent or by mistake (*Matter of Schraeder* v. *Kern*, 287 N. Y. 13; *Matter of O'Brien* v. *Delaney*, 255 App. Div. 385, affd. 280 N. Y. 697).

It is equally well settled by abundant authority that the revocation of a certification may be made even after appointment where the foregoing grounds are shown to exist (*Matter of Kaney* v. *New York State Civil Service Comm.,* 190 Misc. 944, 949, affd. 273 App. Div. 1054, affd. 298 N. Y. 707; *Matter of Marinick* v. *Valentine,* 263 App. Div. 564, affd. 289 N. Y. 780).

*Matter of Katz* v. *Goldwater* (260 App. Div. 495, affd. 285 N. Y. 830) upheld the right and power of the municipal civil service commission to revoke the certification of an applicant who was under the minimum age and who fraudulently misstated her age in order to gain admittance to the examination.

The power of the commission appears not to be limited, however, to instances where fraud or mistake has occurred on the part of the applicant.

Defining the extent of the authority of the Commission, Judge POUND, writing for the Court of Appeals in *People ex rel. Finnegan* v. *McBride* (226 N. Y. 252, 258–259), uses the following language: " The action of the commission, had with due deliberation, upon such a matter as the establishment of an eligible list, should, for obvious reasons, be regarded as a finality, but the commission's authority thereon does not wholly cease. It certifies names therefrom for appointment. Error may be corrected by setting it aside if it was the result of illegality, irregularity in vital matters, or fraud. The commission may not act arbitrarily. Public officers or agents who exercise judgment and discretion in the performance of their duties may not revoke their determinations nor review their own orders once properly and finally made, however much they may have erred in judgment on the facts, even though injustice is the result. A mere change of mind is insufficient. Further action must, where power is not entirely spent, be for cause, with good reasons and proper motives for the correction of improper action.''

In *Matter of Marinick* v. *Valentine* (263 App. Div. 564, 567, *supra*), Mr. Justice COHN, writing for the majority of the court, quotes the following language used by the late Judge LEHMAN in the case of *People ex rel. Hornstein* v. *Moskowitz* (N. Y. L. J., July 6, 1914, p. 1296, col. 1, affd. 165 App. Div. 979): " It is urged, however, that the commission, having once certified the relator's name, have no power thereafter to reconsider their action. It seems to me that while they have no power to reconsider a certification not due to fraud or mistake, where their action is based upon mistake caused by the applicant's own

fraud such fraud and mistake invalidated the original certification and they have power to correct their records to show its invalidity and have power also to determine the question of fact involved in the claim of fraud and mistake."

In *Matter of Pape* v. *Kern* (176 Misc. 36, mod. on other grounds 263 App. Div. 557) Mr. Justice EDER, at Special Term reviewed the applicable authorities and held that where the commission erroneously certifies names from the eligible list for appointment, the error may be corrected by setting the certification aside if it was the result of illegality, irregularity in vital matters, or fraud, or where one is certified who is ineligible for appointment *ab initio,* or obtains his certificate of appointment by fraud or who has not passed a required civil service examination (see, also, *People ex rel. Hannan* v. *Board of Health of City of Troy,* 153 N. Y. 513).

The Constitution of the State of New York (art. V, § 6) provides: " Appointments and promotions in the civil service of the state, and all of the civil divisions thereof, including cities and villages, shall be made according to merit and fitness, to be ascertained, as far as practicable, by examination, which, as far as practicable, shall be competitive ".

Subdivision 1 of section 6 of the Civil Service Law provides: " The rules prescribed by the state and municipal commissions pursuant to the provisions of this chapter shall have the force and effect of law."

Subdivision 1 of section VII of rule V of the Rules of the Municipal Civil Service Commission provides: " The Commission shall upon receiving a request from an appointing officer for the certification of eligibles for a vacant position certify from the eligible list for that position * * * three names at the head of such list ". The same rule, in subdivision 3, reads as follows: " 3. If a person who is not entitled to be certified is certified, such certification shall be revoked by notification to the appointing officer."

The language of subdivision 3 indicates clearly that it applies to persons who may have already been appointed from the list.

The case of *Matter of Wolff* v. *Hodson* (285 N. Y. 197) upon which the petitioner places great reliance, holds that the civil service commission has no inherent authority to correct its own error in determining eligibility to take an examination or in rating those who pass the examination after an applicant has been appointed from an eligible list prepared by the commission, and cites in support of its ruling cases of *Matter of*

*Lazenby* v. *Municipal Civil Service Comm.* (116 App. Div. 135, affd. 188 N. Y. 588) and *People ex rel. Joyce* v. *Schirmer* (253 App. Div. 845, affd. 277 N. Y. 676).

Those cases involve facts in no way similar to those presented here. None of those cases dealt with an error by the commission in the computation of the applicant's rating after an examination. In *Matter of Wolff* v. *Hodson* (*supra*), the court, holding it to be the function and duty of the civil service commission to pass upon educational qualifications of applicants for examination, ruled that the commission may not, thereafter, refuse to recognize an appointment made from its own eligible list, '' merely because it erred in its determination of matters which it alone had power and jurisdiction to determine.'' (P. 202.)

The error of the municipal civil service commission in this case was not in the determination of a matter which it alone had power and jurisdiction to determine. The power and jurisdiction of the commission in the matter of rating petitioner's standing, as the result of the examination taken by her, is controlled by the Constitution, the statute and by rules having the effect of law.

The provisions of section 22 of the Civil Service Law and chapter 834 of the Laws of 1940 (McKinney's Unconsol. Laws, § 891), limiting the causes for discharge of persons holding positions in the competitive class and of members of the police department and requiring notice of the charges and a hearing, afford no protection to petitioner. These and similar statutes have been held available only to persons holding the position after an appointment made in accordance with the legal requirements (*People ex rel. Krushinsky* v. *Martin,* 91 Hun 425; *Matter of Katz* v. *Goldwater,* 260 App. Div. 497, affd. 285 N. Y. 830, *supra; People ex rel. Hannan* v. *Board of Health of City of Troy,* 153 N. Y. 513, *supra*).

The Civil Service Law formulates and protects rights of those lawfully appointed to positions in the civil service after they have demonstrated merit and fitness by examination held pursuant to the Constitution and the statute.

The petitioner's argument that, in any event, she was entitled to be retained in her position until the expiration of the six months' probationary period, is equally unsound (see *Matter of Ciasulli* v. *McNamara,* 277 App. Div. 541).

No person may assert any right to continue to hold a position to which he was not appointed in accordance with the law (*Matter of Wolff* v. *Hodson,* 285 N. Y. 197–200, *supra*).

In the light of the foregoing considerations and conclusions, it becomes unnecessary to determine the issue raised by the defense of the Statute of Limitations interposed by the defendants. It would appear, however, that the answer containing the defense has been interposed in time in view of the postponement granted on the original return day by the court upon the defendants' application.

There being no issue of fact presented, the petition is dismissed on the merits.

Settle order.