In the Matter of LE ROY WALDEN-EL, Petitioner, against PAUL P. BRENNAN et al., as Members of the Municipal Civil Service Commission of the City of New York, et al., Respondents.

Supreme Court, Special Term, New York County, September 9, 1953.

*Edward L. Glazer* and *Gerald H. Chambers* for petitioner.

*Denis M. Hurley, Corporation Counsel* (*Irwin L. Herzog* of counsel), for respondents.

Cox, J.  This is a proceeding under article 78 of the Civil Practice Act, for an order directing the respondent, the municipal civil service commission, to withdraw its action in marking the petitioner as not qualified on the eligible list for position of patrolman, police department, New York City, and further directing it to withdraw its action in revoking its certification of the petitioner for appointment to said position, and directing the respondent, police commissioner of the City of New York, to restore the petitioner to active duty as a member of the police department in the rank of patrolman, retroactive to the date of discharge with all rights and privileges appertaining thereto as to the date of his original appointment.

The petitioner duly filed an application, verified December 20, 1949, to participate in a competitive civil service examination for the position of patrolman, police department, New York City.  In the said application he stated under oath that his date of birth was November 1, 1928.  The minimum age requirement as determined by the civil service commission and as advertised as such required that "no person who has not reached his twentieth birthday on the last date for the receipt of applications (Dec. 30, 1949) may file an application."

On the face of the application as filed the petitioner was eligible to take the examination.  The petitioner took the examination, passed it and was placed on the eligible list for appointment.  In due course he was certified for appointment and on January 16, 1953, he was appointed a patrolman, on probation, in the police department.  The petitioner was called upon to furnish proof concerning his age and obtained from the department of health a certified copy of his birth certificate which showed that he was born on November 7, 1930.  The petitioner therefore was nineteen years, one month and twenty-three days old at December 30, 1949, the last date on which applications were receivable.  Had he written his correct age in the application he would not have been permitted to take the examination. The petitioner claims that he believed his correct age to be as he stated.  He alleges his school age and the age at which he entered the army was consistent with the age stated in his application filed with the civil service commission.  The respondents do not raise the question of fraud, nor dispute the fact that the petitioner believed his age to be as stated.

The petitioner claims that the civil service commission was without authority to fix a minimum age for eligibility to take the examination. This contention is rejected. Section 25-a of the Civil Service Law specifically empowers the civil service commission to adopt *"reasonable* minimum or maximum age requirements for positions such as policeman, fireman, prison guard" (*Matter of Twomey* v. *McNamara,* 195 Misc. 285, italics supplied).

The court holds that the civil service commission had the right to fix the minimum age and that in fixing age twenty as the minimum age for filing applications, it did not act in an unreasonable or arbitrary manner and did act within the scope of its powers. The petitioner relies on the findings in *Matter of Wolff* v. *Hodson* (285 N. Y. 197), and *Matter of Malone* (N. Y. L. J., June 9, 1953, p. 1937, col. 3), which followed it. These cases have no application to the present case. In both of these cases the mistake was that of the civil service commission in permitting certification, although the application showed the applicant did not meet the requirements. Petitioner claims that he acquired a vested right by reason of his appointment and being an honorably discharged veteran he may not be removed from his position except for incompetency or misconduct after a hearing upon due notice upon stated charges. (Civil Service Law, § 22.) The court holds that since the petitioner was not eligible to take the examination all subsequent acts on his part or on the part of the civil service commission and the police commissioner in relying on the premise that he was eligible were null and void and no rights can accrue therefrom. The application is in all respects denied. Settle order.