Carroll M. Roberts, J.
The petitioner, A. Joseph Faulisi, a former policeman of the City of Corning, was dismissed as a patrolman on June 8, 1954 pursuant to an order of the Board of Police Commissioners of that city. Thereafter, a proceeding was instituted under article 78 of the Civil Practice Act to review the determination of said board, which proceeding was transferred to the Appellate Division, Fourth Department, and that court confirmed the determination so far as it sustained charges against the petitioner but annulled the determination insofar as it removed the petitioner from his position as patrolman and remitted the matter to the Board of Police Commissioners to fix the punishment, penalty or discipline in accordance with the Civil Service Law (Matter of Faulisi v. Board of Police Comrs., 1 A D 2d 763). An order to this effect was made by the Appellate Division on December 30, 1955. A certified copy of the order was filed in Steuben County Clerk’s office March 6, 1956, and a copy with notice of entry served by mail on Ransom Pratt, Esq., then city attorney of Corning, New York, on March 6, 1956.
An appeal was thereafter taken by respondents to the Court of Appeals, which appeal after argument was dismissed upon the ground that the order did not finally determine the proceeding (Matter of Faulisi v. Board of Police Comrs., 2 N Y 2d 812). On January 21, 1957 an order was made and entered, making the judgment and order of the Court of Appeals the judgment and order of the Supreme Court, and a copy of said order with notice of entry was served on the Mayor of the City of Corning on the same date. The remittitur of the Court of Appeals was filed at the time of the entry of the order. On January 29, 1957 a notice was served by petitioner demanding that the Board of Police Commissioners convene and fix the penalty in accordance with the determination of the Appellate Division. On February 6, 1957 a notice was served upon petitioner, notifying him of a meeting to be held on February 18, 1957 to consider his reinstatement and the imposition of the penalty to be inflicted upon him pursuant to the order of the Appellate Division. A meeting of the Police Commissioners *706 was held on the designated date, February 18, 1957, at which time, however, the petitioner was not reinstated, nor was his punishment fixed in accordance with the order of the Appellate Division, but instead he was discharged from his position as patrolman as of April 8, 1954 upon the ground that he was overage at the time of his appointment and hence ineligible for appointment as policeman under the rules of the Civil Service Commission of the City of Corning.
The present application is to punish the City of Corning and the Board of Police Commissioners of said city and the individual members thereof for a criminal contempt based upon the willful disobedience of the order of the Appellate Division.
The rules of the Civil Service Commission of the City of Corning, adopted pursuant to section 25-a of the Civil Service Law, provided that a candidate for police patrolman must be no more than 40 years of age on the date of the written examination or the date of appointment. The petitioner, who claimed no preference as a veteran or exempt volunteer fireman, took his examination for appointment on January 26, 1952 and received a probationary appointment on April 21, 1952. If, therefore, petitioner was over 40 years of age on January 26, 1952, he was ineligible for appointment as policeman.
It is the claim of the respondents that petitioner was born August 7,1911 and hence that he was over 40 years of age when he took the examination on January 26, 1952. If the age of petitioner be as claimed by respondents, he was ineligible for appointment as a policeman in the city of Corning and his appointment was void ab initio, even in the absence of any fraud. (Matter of Walden-El v. Brennan, 205 Misc. 351, affd. 283 App. Div. 771; Matter of Katz v. Goldwater, 260 App. Div. 495, affd. 285 N. Y. 830; Matter of McInerney v. Valentine, 181 Misc. 1062.) If his appointment was void ab initio, the Civil Service Law conferred no rights upon him and he was not entitled to a hearing prior to dismissal. (Matter of Katz v. Goldwater, supra; People ex rel. Hannan v. Board of Health, 153 N. Y. 513; Matter of Romanchuk v. Murphy, 200 Misc. 987; Matter of Perotta v. Gregory, 4 Misc 2d 769.) Although the Civil Service Commission had the right to revoke its certificate as to petitioner’s eligibility, such action by it was not necessary before petitioner’s dismissal. The Board of Police Commissioners, as the appointing body, had not only the right but the duty to terminate petitioner’s employment upon learning that he was ineligible. (Palmer v. Board of Educ., 276 N. Y. 222.)
The action of the Board of Police Commissioners in dis *707 missing the petitioner upon the basis of ineligibility due to his age is not here before the court for review. However, the fact of such dismissal and the basis for the action taken has a very important bearing upon whether or not respondents were guilty of contempt in failing to carry out the order of the Appellate Division.
A criminal contempt is for willful disobedience to a lawful mandate of the court (Judiciary Law, § 750). A civil contempt is a neglect or violation of a duty by which the right of a party to a civil action pending in the court may be defeated, impaired, impeded or prejudiced (Judiciary Law, § 753). A criminal contempt is an offense against the People of the State and a fine is imposed which goes into the public treasury, or imprisonment added, purely as a penalty and in the interest of public justice. A civil contempt, on the other hand, is a wrong done to a party by reason of a violation of an order made for his protection, and where a fine is imposed for such contempt, it is merely to indemnify the party for the private injury. (People ex rel. Sterns v. Marr, 181 N. Y. 463, 466.) If this were a proceeding to punish for a civil contempt, the dismissal of the petitioner because of his age would constitute a complete defense. If he was ineligible to hold the office of a patrolman, he acquired no rights by reason of his appointment and hence none of his rights were defeated or impaired, and he suffered no damage by reason of the failure to carry out the order of the Appellate Division. Petitioner has, however, elected in this proceeding to seek the punishment of respondents for a criminal contempt. To succeed in this motion, petitioner must therefore establish that the failure of respondents to carry out the order of the Appellate Division was willful. “ Punishment for a criminal contempt is a drastic remedy for willful wrong.” (Matter of Spector v. Allen, 281 N. Y. 251, 259.) “ Guilt arises only where the authority of the court is flouted.” (Same opinion, p. 260.) In such a situation, the dismissal of petitioner because of his age is a very material consideration. If he was ineligible to hold the office, compliance with the order of the Appellate Division would be at most a mere formality, and failure to comply therewith would not constitute a willful flouting of the authority of the court.
Bespondents have here presented an imposing array of documentary evidence bearing upon the age of the petitioner. Some of this evidence was before the commissioners when petitioner was dismissed while other exhibits were procured at a later date. All of this is significant as bearing upon the correctness of the action taken.
*708 Petitioner in Ms application for appointment gave the date of Ms birth as August 7, 1912. If this date was correct, it would make Mm eligible to take the examination and eligible for appointment. In this application, the following statement was signed by the petitioner: “I hereby certify that all answers to the above questions and all statements on the reverse side of this application are true and I agree and understand that any misstatements of material facts contained in this application may cause forfeiture on my part of all rights to any employment sought hereunder.” The documentary evidence presented by respondents shows that petitioner was born on August 7, 1911 wMch, if correct, made him one year older than appeared from Ms application and hence ineligible for appointment. The State Department of Health has no record of petitioner’s birth. The documents presented by respondents to establish petitioner’s age consist of the census record of June 1, 1915 which showed petitioner was then 4 years of age, the census record of June 1, 1925 which gave his age as 14 years, the school census record of November 9, 1923, two applications for automobile operator’s license, birth certificate of petitioner’s youngest brother, petitioner’s application for marriage license, petitioner’s draft registration card, an application for license to practice barbering, verified by petitioner on December 27,1946, and an application for barbershop owner’s license verified by petitioner on July 23, 1948. In all of the documents signed by petitioner he stated the date of his birth as August 7,1911.
In view of the overwhelming weight of documentary evidence so presented, it cannot be said that the dismissal of the petitioner on February 18,1957 because of his age was a deliberate attempt on the part of the Police Commissioners to avoid complying with the order of the Appellate Division, or a willful disobedience thereof.
The former Mayor of the City of Corning, the former Police Commissioners, and the former city attorney, who participated in the original determination resulting in the article 78 proceeding, are all now out of office. There are a new Mayor, new Police Commissioners, and new city attorney. It does not appear when the new officials assumed office except that the new city attorney assumed office on January 10,1957.
There is no proof that the present Mayor, Police Commissioners or city attorney had any knowledge of the order of the Appellate Division prior to January 21, 1957. The city attorney and Mayor were served with an order on the remittitur from the Court of Appeals on that date and thereafter the *709 attorney undertook an examination of the file which indicated a serious question as to whether or not the petitioner was eligible for appointment by reason of his age. He thereupon undertook an investigation into petitioner’s age. It appears that prior to the meeting of Police Commissioners on February 18, 1957 the attorney visited every Catholic church in the city of Elmira, the village of Horseheads, the village of Elmira Heights and the city of Corning, but found no baptismal record of petitioner; he examined birth records in the city of Elmira, the town of South-Port and city of Corning, and found no record except that of the birth of petitioner’s younger brother. He also examined the census records and the petitioner’s selective service record. Upon the basis of such investigation, he advised the members of the Police Commission on February 18, 1957 that the petitioner was ineligible for appointment at the time he took the examination and was appointed, and he further advised said commission based upon his examination of the law that the appointment of petitioner was a nullity and that he had acquired no rights under the Civil Service Law and was entitled to no hearing prior to removal based upon his ineligibility due to age.
Where the respondents relied in good faith upon the advice of the city attorney, who likewise acted in good faith in giving them advice, they cannot be held liable for a willful failure to act, constituting a criminal contempt. (Matter of Investigation of Crim. Abortions in County of Kings, 206 Misc, 830, 834, affd. 286 App. Div. 270.)
Motion is denied.