People of the State of Illinois, ex rel. Nicholas Krich, Jr. et al., Plaintiffs, v. Stephen E. Hurley, et al., Defendants.
Charles L. Manshreck, Plaintiff-Appellee, v. William A. Lee, et al., Defendants-Appellants.

Gen. No. 47,127.

First District, Second Division.
March 18, 1958.
Released for publication April 18, 1958.

John C. Melaniphy, Corporation Counsel of City of Chicago (Sydney R. Drebin, and Robert J. Collins, Assistant Corporation Counsel, of counsel) for defendants-appellants.

Michael F. Ryan, of Chicago (Richard F. McPartlin, Jr., of counsel) for plaintiff-appellee.

PRESIDING JUSTICE KILEY delivered the opinion of the court.

This is a mandamus proceeding to reinstate relators to their positions as building inspectors in the classified service of the City of Chicago. The trial court granted the writ on the pleadings, as to Manshreck, called relator herein, and defendants have appealed from this judgment.

The relevant facts are admitted. Relator was appointed building inspector August 9, 1954, after having been certified, August 2, 1954, by defendant commissioners. Upon written request relator appeared before the commission on February 7, 1955, for the purpose of reviewing the experience rating form he submitted in the original entrance examination. On February 11, 1955, after the statutory probation period had expired, he was discharged without formal charges or hearing for falsely stating in his identification and experience rating sheets that he was a high school graduate. He admitted to the commission on February 7 the state-

ment was false. The misstatement of his educational background gave relator a higher experience rating than he otherwise would have had.

The question is whether relator has shown a clear legal right to have the writ issued. People ex rel. Elmore v. Allman, 382 Ill. 156.

Relator contends that his discharge after the expiration of the probationary period without formal charges and a hearing was unlawful as a violation of Section 12 of the Civil Service Act (Ill. Rev. Stat., 1955, Chap. 24½, Par. 51). Defendants concede that if relator is a civil service employee his discharge was unlawful. They argue that relator, by reason of misrepresenting his educational experience, was guilty of fraud which rendered his certification and appointment void and which therefore entitled him to none of the benefits of Section 12. Consequently, they argue that his certification was lawfully revoked.

We think that the public policy of Illinois against falsehood is clearly implied in the civil and criminal statutes against fraud, libel, false pretenses and the like. The Supreme and Appellate Courts have expressed themselves in accordance with that policy. False statements in civil service examinations have been termed "fraudulent" and "repugnant to basic morality." People ex rel. Jendrick v. Allman, 396 Ill. 35. The question of the materiality of a false representation, in the sense of significance to qualification, was brushed aside in People ex rel. Wiechern v. Smykal, 12 Ill.App.2d 398, where the relator's discharge was during the probationary period.

The application filed by relator here provided: "Proof of false statement made in any application shall be grounds for discharge after appointment." The provision is not limited to "significant" falsehoods, and we assume that the Civil Service Act presupposes a corps of civil servants bound to the basic moral precept

505

that false statements cannot be justified as a means of qualifying for civil service status. The provision referred to implies, however, a discharge according to the requirements of the Act. This raises the question whether relator is entitled to the protection of the Act.

A "general rule" is stated in 10 Am. Jur., Civil Service, sec. 11 (Cum. Supp. 1957) to the effect that though a civil service appointment is final after the probationary period has expired, an appointment may be set aside, regardless of the statute, where the appointment was obtained by fraud. No cases are cited to this rule.

The cases chiefly relied on by the commission in support of its theory in the instant case are New York cases. The Illinois cases cited bear only indirectly on the question.

It is our opinion that the New York cases do not sustain defendants' claim that Manshreck is not a civil service employee entitled to the benefits of Section 12 of the Civil Service Act. In Wolff v. Hodson, 285 N. Y. 197, 33 N.E.2d 90, the facts show that Wolff was discharged, more than a year after his certification, without notice or hearing. In his application he had falsely stated his educational experience. A subsequent investigation showed the discrepancy. Wolff admitted the false statement in an interview and he was summarily discharged. His suit for reinstatement was denied in the trial court on the ground that his application was void *ab initio* and that he never became entitled to the benefits the New York Civil Service Act gave classified service employees.

The New York Court of Appeals reversed the judgment deciding that even if Wolff's statement had been true he would not have been eligible to take the examination; that consequently the commission's error, not the false statement, was responsible for Wolff's admission to the examination; and that the commission had no power after certifying Wolff to refuse to recognize

him as a civil service employee on the ground of an error made by the commission. The court expressly stated that the cases it relied on did not decide that an appointment is valid and not subject to revocation where the commission is induced by the misrepresentations to examine, rate and post a name where the applicant did not have the qualifications. The court also said that it did not decide whether an intentional misstatement in an application, even on a non-material matter, would not be sufficient for removal where the employee is found guilty upon charges made in accordance with the Civil Service Law. The court held in effect that where the false statement of qualification (a qualification established by the commission and not by statute or ordinance) is not relied on by the commission and does not induce it to permit an applicant to qualify for the examination, the applicant is entitled to the benefits of the Civil Service Act and may not be summarily discharged after the probationary period.

It is clear from the Wolff decision, and the other New York cases which have been cited, and to which we shall refer hereafter, that the New York courts distinguish between false statements which go, and those which do not go, to the qualification of an applicant for civil service examination. In Application of Katz, 260 App. Div. 495, 23 N.Y.S.2d 150, the appellate division held that failure to give Katz notice or hearing did not invalidate her discharge more than a year after certification because she had falsified her age and was not, as to age, qualified to take the examination. A similar decision was made in Walden-El v. Brennan, 125 N.Y.S.2d 95, where the misstatement of age rendered the appointment void *ab initio* since under his correct age he was not qualified and therefore he was not entitled to notice or hearing. In People ex rel. Krushinsky v. Martin, 36 N. Y. S. 851, the Su-

507

preme Court held that relator was properly discharged without formal charges four years after appointment because he defrauded the commission by having another person write his examination and consequently did not meet the required qualification of writing a civil service examination. The court in Perotta v. Gregory, 158 N.Y.S.2d 221, held that under the statute and the Civil Service Commission's rule citizenship was a necessary qualification for application and that, therefore, Perotta who was not a citizen at the time of his application could be summarily discharged since his certification and appointment were void *ab initio*.

In Romanchuk v. Murphy, 103 N.Y.S.2d 704, the plaintiff was discharged during the probation period. A divided court in Marinick v. Valentine, 263 App. Div. 564, 33 N.Y.S.2d 486, reversed a judgment setting aside a summary discharge of an employee four years after certification. The trial court found there was no proof that the appointment was procured through fraud, though there was evidence of irregular marking on the examination paper in order to gain advantage in the grading, because the appointee passed the examination on his own merit. On the basis of a Civil Service Statute authorizing the commission to refuse to examine or certify for deception or fraud, actual or attempted, in the application or examination, the Appellate Division found the appointment tainted with fraud and the employee's admission rendered further proof unnecessary. We have no such statute. In view of the decision in the Wolff case we question the authority of the Marinick decision.

Relator in the instant case was qualified to take the examination and the commission did not rely upon his false statement as an inducement to admit him to the examination. We conclude that since the false statement did not go to his qualifications, the Civil Service Commission had no authority to revoke

508

his certification and discharge him after the probationary period without compliance with the provisions of Section 12 of the Civil Service Act. The interview at which he admitted the false statement was not a hearing to which he was entitled as a civil service employee. Wolff v. Hodson, 33 N.E.2d 90, 92. We think the writ properly issued.

This conclusion is not a condonation of falsehood. People ex rel. Bergquist v. Gregory, 337 Ill. App. 661. We have already referred to the attitude of courts concerning falsehood. Our conclusion is that the Civil Service Commission is bound to give innocent and guilty alike the benefits of the Civil Service Act, where the law does not deny them those benefits, in order that civil service employees be shielded against arbitrary or even, at any future time, partisan action of commissions established for their protection.

For the reasons given the judgment is affirmed.

Affirmed.

LEWE and MURPHY, JJ., concur.