In the Matter of LLOYD MAPP, Petitioner, *v.* ROBERT E. HERMAN, as State Rent Administrator, Respondent.

Supreme Court, Special Term, Queens County, July 10, 1962.

*Reginald T. Brewster* for petitioner. *Louis J. Lefkowitz, Attorney-General* (*Philip Weinberg* of counsel), for respondent.

GEORGE P. STIER, J. This is an article 78 proceeding to review and annul an order of the State Rent Administrator of July 13, 1961, dismissing the petitioner from his employment as a rent inspector and further to direct the State Rent Administrator to permit the petitioner to be represented by counsel at any further hearings to be held.

The respondent cross-moves to dismiss the petition on the ground that such petition was not served within four months after the determination to be reviewed became final and binding on the petitioner.

In support of the cross motion the respondent states that the petitioner was employed by the State Rent Commission in a civil service position of rent inspector; that on June 16, 1961, he was served with a notice of charges accusing him of misconduct. Thereafter, the respondent claims, a hearing was set for July 5, 1961, at the New York City office of the State Rent Commission. The respondent further alleges that the petitioner then consulted an attorney and served an answer on the Commissioner on June 24, 1961. On July 3, 1961, it is alleged that the petitioner's counsel advised the petitioner he was unable to secure an adjournment and therefore was withdrawing from the case. The respondent claims that the petitioner appeared at the hearing on July 5, 1961, and requested an adjournment in order to retain other counsel and that an adjournment was given until July 12, 1961. On the adjourned date, the respondent claims, the petitioner appeared and requested a further adjournment, which was denied. Finally, the respondent states that a hearing was held and the petitioner was ultimately dismissed by the order now under review. Thus, the respondent argues that the service of the instant petition on April 26, 1962, was after the expiration of the four-month Statute of Limitations applicable to article 78 proceedings as embodied in section 1286 of the Civil Practice Act.

The petitioner, in opposition, admits the essential facts as set forth by the respondent but argues that inasmuch as his attorney withdrew from the case on July 3, 1961, and he was only granted a one-week adjournment to obtain a new attorney, the Commissioner's action was tantamount to a denial of a constitutional and statutory right he had to be represented by counsel. Thus, the petitioner contends that since on or about March 13, 1962, he served the respondent with a demand to reinstate him to his former civil service position as rent inspector or to perform the statutory duty of holding a hearing at which the petitioner would be permitted to be represented by counsel, the refusal of said demand in a letter from the respondent dated March 19, 1962, marks the time at which the Statute of Limitations embodied in article 78 commenced to run inasmuch as the Commissioner failed to perform a duty specifically enjoined by law.

If an application is to be barred by the time limitation in section 1286 of the Civil Practice Act, the test to be applied as to when the statute commences to run is whether the action of the Commissioner was a determination involving judgment or discretion as distinguished from a demand for a ministerial act in accordance with law. (*Matter of Alliano* v. *Adams*, 2 A D

2d 532, affd. 3 N Y 2d 801.) The termination of the petitioner's services was an affirmative act involving the exercise of judgment and discretion and even if it were improper it constituted a final determination. (See *Matter of Gallo* v. *Kennedy,* 4 A D 2d 505, 506, affd. 4 N Y 2d 949.) Furthermore, the granting of an adjournment is within the discretion of the Commissioner. (*Matter of Grottano* v. *Kennedy,* 5 N Y 2d 381, 388.) Thus, while as a practical matter the refusal of an adjournment may have affected the petitioner's right to be represented by counsel, the court is of the opinion that the Commissioner's action, as it relates to such an adjournment, was an exercise of discretion with regard to conducting the hearing involved herein and the petitioner's recourse was to proceed to a review of the resulting determination. The court rejects the petitioner's theory that the instant application is to compel the performance of a duty specifically enjoined by law. Inasmuch as more than four months have elapsed since the determination sought to be reviewed became final and binding on the petitioner on July 13, 1961, and the service of the instant petition on April 26, 1962, the court is of the opinion that the present application is barred by section 1286 of the Civil Practice Act. (See *Matter of Perotta* v. *Gregory,* 4 Misc 2d 769, 775.)

Accordingly, the cross motion is granted and the petition is dismissed.