In the Matter of the Application of GEORGE B. LOUD, Appellant, for a Writ of Mandamus against SAMUEL H. ORDWAY et al., Constituting the CIVIL SERVICE COMMISSION OF THE STATE OF NEW YORK, Respondents.

Civil service — veterans — an honorably-discharged veteran of the Civil War cannot be denied the right to take an examination for promotion because he is over forty-five years of age, notwithstanding a resolution of the civil service commission by which the maximum age of candidates is fixed at forty-five years.

Under the Civil Service Law a veteran, as well as any applicant, may be disqualified for appointment or promotion by failure to pass a required examination, but there is no statute prohibiting a

citizen of the state from entering a competitive examination for appointment or promotion in the civil service by reason of age, and hence an honorably discharged veteran of the Civil War, upwards of forty-five years of age, who holds a position in a competitive class in the civil service in this state, cannot be denied the right to take an examination for promotion under a resolution adopted by the civil service commission by which the maximum age of candidates for the position in question is fixed at forty-five years. (Civil Service Law, § 21; Cons. Laws, ch. 7.) Such denial of the right of examination tends to defeat the purpose of the provision of the statute prohibiting a disqualification unless the veteran is incompetent to perform the duties· of the position applied for. (*Matter of Keymer*, 148 N. Y. 219, distinguished.)

*Matter·of Loud* v. *Ordway*, 173 App. Div. 972, reversed.

(Argued November 23, 1916; decided December 28, 1916.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 26, 1916, which affirmed an order of Special Term denying a motion for a peremptory writ of mandamus to compel the defendants to admit relator to an examination for promotion to the position of assistant crier of the Supreme Court.

The relator, an honorably discharged veteran of the Civil War, was appointed a clerk in the office of the commissioner of jurors of the city of New York in September, 1895, and continuously served in that capacity up to and including November 1st, 1914, when with the approval and consent of the civil service commission and the commissioner of jurors he was duly transferred to the position of attendant in the Supreme Court.

December 8th, 1915, the state civil service commission in a preamble recited the nature of the duties of assistant crier of the Supreme Court, Appellate Division, first department, that the commission had been advised that it had discretionary power to fix a maximum age limit for candidates for such position; and as the duties of the position were such as to require the appointment of young

and active persons it adopted a resolution in substance that the chief examiner was directed to hold a promotion examination for the position of assistant crier of the Supreme Court, Appellate Division, first department, open to court attendants, and that the maximum limit of age of candidates be fixed at forty-five years.

December 23d, 1915, the commission made public announcement of the holding of a promotion examination for the position stated, open to all court attendants who had held such positions for five months preceding the date of examination, January 22, 1916, "who are under forty-five years of age on the day of the examination."

The relator on January 4th, 1916, addressed a communication to the civil service commission protesting against the action taken, which limited the examination to applicants under the age of forty-five years, to which the commission replied and sought to justify its action in the premises.

From the argument of counsel for the parties the fact is apparent that relator, though he regularly made application to take the examination, was denied the privilege because he was upwards of forty-five years of age.

Relator applied for a peremptory mandamus to compel the commission to admit him to take the examination. The application was denied. The order entered upon the decision was affirmed by the Appellate Division. Relator appeals to this court.

*Parton Swift* and *Medbery Blanchard* for appellant. The action of the commission contravenes section 9, article 5 of the State Constitution. (*Matter of Seeley,* 190 N. Y. 163.) The action of the commission arbitrarily prevents the veteran from holding a position in the civil service because of his age, in contravention of section 21 of the Civil Service Law. (*People ex rel. Washburn* v. *French,* 52 Hun, 464; *People ex rel. Van Patten* v. *Cobb,* 13 App. Div. 56; *Matter of Kittinger,* 20 Misc.

Rep. 217; *Matter of Keymer*, 148 N. Y. 219; *Allaire* v. *Knox*, 62 App. Div. 29; *People ex rel. Moriarty* v. *Creelman*, 206 N. Y. 570.)

*Egburt E. Waterbury, Attorney-General* (*James S. Y. Ivins* of counsel), for respondents.  There is nothing in the Constitution nor in the Civil Service Law giving a veteran the right to compete regardless of age in a competitive examination.  (*Matter of Keymer*, 148 N. Y. 219.)  An age limitation is a proper limitation, and when imposed by the civil service commission is not subject to review.  (*People ex rel. Moriarty* v. *Creelman*, 206 N. Y. 570; *People ex rel. Schau* v. *McWilliams*, 185 N. Y. 92.)

HOGAN, J.  The sole question to be determined on this appeal is the power of the civil service commission to deny to the relator the right to take the examination by reason of the fact that he is upwards of forty-five years of age.  That relator was in the competitive class and held a position in the civil service is not questioned.  His right to seek promotion is dependent upon a construction of section 21 of the Civil Service Law (Cons. Laws, ch. 7), which reads:

"§ 21.  Preferences allowed honorably discharged soldiers, sailors and marines.  In every public department and upon all public works of the state of New York and of the cities, counties, towns and villages thereof, honorably discharged soldiers, sailors and marines from the army and navy of the United States in the late civil war who are citizens and residents of this state, shall be entitled to preference in appointment and promotion without regard to their standing on any list from which such appointment or promotion may be made to all competitive and non-competitive positions provided their qualifications and fitness shall have been ascertained as provided in this chapter and the rules and regulations in pursuance thereof; and a person thus preferred shall not

be disqualified from holding any position in the civil service on account of his age or by reason of any physical disability provided such age or disability does not render him incompetent to perform the duties of the position applied for.    *    *    * "

On behalf of the commission, respondent, it is urged that the section of the law quoted does not confer upon a veteran the right to compete in an examination regardless of age; that veterans were not entitled to a preference until after they had been examined and their names placed on the list, and any attempt to prefer them before their names were placed on the list would be a violation of section 9, article 5 of the Constitution, and in support of this argument reliance is placed upon a decision of this court.    (*Matter of Keymer*, 148 N. Y. 219.)   In that case the validity of a provision of the statute of 1895 (Chap. 344) which in effect provided that honorably discharged soldiers and sailors should be preferred for appointment and promotion " and competitive examinations shall not be deemed practicable or necessary in cases where the compensation or other emolument of the office does not exceed four dollars per day, but the examination shall be such as is calculated only to ascertain the merits and fitness of the applicant for the position for which he applies, and if found fitted to fill such position, the applicant's name shall be placed on the eligible list and he shall be certified therefrom."   This court construing that law held that the provision of the statute quoted was in conflict with the Constitution (Art. 5, § 9) which in substance required (1) Merit and fitness to be ascertained so far as practicable by examinations; (2) examinations, so far as practicable, shall be competitive; (3) the honorably-discharged soldiers and sailors of the Civil War are only entitled to preference in appointment and promotion after their names appear on the list from which appointments and promotions may be made.   The conclusion we have reached in the case at bar is not at variance with the decision relied upon.

Section 21, Civil Service Law, recognizes the preferences extended to veterans by the Constitution, but makes such preferences dependent upon qualifications and fitness to be ascertained as provided by the law, *i. e.*, by examination. That requirement is in accord with the provision of the Constitution that appointments and promotions in the civil service shall be made according to merit and fitness to be ascertained so far as practicable by examination. Thus while under the Constitution and Civil Service Law a veteran as well as any applicant may be disqualified for appointment or promotion by failure to pass a required examination, I fail to find any act of the legislature prohibiting a citizen of the state from entering a competitive examination for appointment or promotion in the civil service by reason of age.

In *People ex rel. Moriarity* v. *Creelman* (206 N. Y. 570, 575) the question was presented as to the power of the municipal civil service commission of the city of New York to prescribe a minimum age limit of twenty-five years for the position of inspector in the bureau of fire prevention in the city of New York. The relator in that case was under the age of twenty-five years, and was not allowed to take the examination. This court, Judge HISCOCK writing, said:

"Thus we come to the remaining and more important question whether general considerations, as distinguished from a specific reason like that discussed, forbade the appellants to fix the age limit in question. The principle of the rule which must govern the decision of this question is found in *People ex rel. Schau* v. *McWilliams* (185 N. Y. 92, 99). It was there written that in determining whether a given position should be included in the competitive class of the civil service if 'the position is one, as to the proper mode of filling which there is a fair and reasonable ground for difference of opinion among intelligent and conscientious officials, the action of the commission should stand, even though the courts may

differ from the commission as to the wisdom of the classification,' and that only in a case where the action of the commission in making a classification was clearly and palpably illegal would its action be corrected by mandamus. If this be the rule to be followed in considering the action of a commission classifying a position in the competitive class, for instance, the same principle must be logically and naturally applied to the consideration of the tests which may be adopted for appointment to such a position after it has been thus classified. In the absence of some express limitation the action of the commission in fixing such tests must stand, unless it is so clearly irrelevant and unreasonable as to be palpably indefensible and improper. If any fair, reasonable argument may be made to sustain the action the courts should not interfere, even though they may differ from the commission as to its advisability.

"* * * Other things being equal it at least might be fairly argued that a man of twenty-five years of age would be apt to have a more mature and reliable judgment than one of twenty-one years, and, therefore, would be better fitted for appointment to one of these very responsible positions. This being so it follows that the commission would be justified, as against the present proceeding, in formulating the requirement which is complained of. * * *"

The Civil Service Law, section 21, contains language which may be construed as a limitation upon the right of the commission to apply a test of age in the case of veterans as follows: "A person thus preferred shall not be disqualified from holding any position in the civil service on account of his age or by reason of any physical disability provided such age or disability does not render him incompetent to perform the duties of the position applied for."

That language appeared in the statute of 1895 (Chap. 344) enacted immediately following the adoption of the

Constitution and has been preserved in several statutes down to the time of the consolidation, when it was continued in the present Civil Service Law. In a consideration of the same we should bear in mind the beneficent purpose in view at the time when the legislature first enacted the law, and that it has been continued upon the statutes down to the present day. The statute requires that a veteran must as the result of an examination disclose his qualifications and fitness. A failure on his part to meet that requirement will justify his exclusion from any list and defeat his ambition to secure an appointment to any position where competitive examination is required. The relator has been denied the opportunity to establish his qualifications and fitness for the position, and the argument is made that he is without rights under the law as a veteran because his name is not upon the list. The commission having refused him permission to take an examination and if successful to procure his name to be placed on the list cannot now assert in defense of his claim to a right of examination that his name is not upon the list, a condition which may be due to the act of the commission. The denial of the right of examination tended to defeat the purpose of the provision of the statute prohibiting a disqualification by reason of age or physical disability unless the veteran was incompetent to perform the duties of the position applied for. The record does not disclose the age or physical condition of relator. He has been erroneously denied the right to be examined as to fitness or qualifications and the orders of the Appellate Division and Special Term should be reversed, with costs to appellant in all courts and the writ applied for granted.

WILLARD BARTLETT, Ch. J., CHASE, COLLIN, CUDDEBACK, CARDOZO and POUND, JJ., concur.

Orders reversed, etc.