In the Matter of the Application of ARTHUR J. GAUTHIER, Respondent, for a Mandamus Order against WILLIAM GORHAM RICE and Others, Commissioners of the Department of Civil Service, Appellants.

Third Department, January 22, 1936.

*John J. Bennett, Jr., Attorney-General [Caleb Candee Brown, Jr., Assistant Attorney-General, of counsel], for the appellants.*

*Louis O. Welt, for the respondent.*

McNAMEE, J. The petitioner is an honorably discharged soldier receiving a pension of sixty dollars per month from the United States government for disability sustained during the late war, viz., a disease of the heart. And while still so afflicted he made application to the State Civil Service Commission to be examined for the position of game protector in St. Lawrence county.

The Commission by rule had adopted a requirement for the office of game protector that " applicants must be not less than five feet, nine inches in height, without shoes; " and notice of that requirement was given to all applicants, including petitioner. In his application to the Commission the petitioner stated that he was " five feet, seven and three-quarters inches in height; " and thereupon the application was disapproved, and the applicant was rejected for examination.

The petitioner contends that because his stature is less than that fixed by the Commission for game protectors he is suffering a " physical disability," within the meaning of the Constitution (Art. V, § 6; Civil Service Law, § 2), and accordingly the standard so fixed does not apply to him; and that if the requirement of height does apply to him, it is void, because it deprives him of his statutory and constitutional rights.

In so far as we are concerned with it here, the Constitution is copied almost word for word in the statute. (Civil Service Law, § 21.) Its language is well-chosen, and its intent is quite free from ambiguity. It provides with reference to appointment to positions in the civil service, and to preference therein: " Any honorably discharged soldiers * * * disabled in the actual performance of duty in any war, to an extent recognized by the United States Veteran's Bureau, * * * whose disability exists at the time of his * * * application for such appointment * * * shall be entitled to preference in appointment * * * without regard to * * * standing on any list from which such appointment * * * may be made." And the statute then goes on, " provided their qualifications and fitness *shall have been* ascertained as provided in this chapter and the rules and regulations in pursuance thereof;" and again that " a person thus preferred shall not be

disqualified from holding any position * * * by reason of any physical disability provided *such* * * * disability does not render him incompetent to perform the duties of the position applied for."

It will be observed that both the Constitution and the statute use meticulous care to confine the preference to one who is an honorably discharged *soldier* of the army of the United States, to one who was *disabled* in the actual performance of duty in war, and that too, to *an extent recognized* by the authorities of the United States; and finally to one whose *disability* exists at the time of his application. And then, following these specifications, it is provided that " a person *thus preferred* shall not be disqualified * * * by reason of any physical disability provided such ` * * * disability does not render him incompetent to perform the duties of the position applied for."

It is thus seen that only he is preferred who was disabled in war, who is recognized by the United States as disabled in war, and whose disability is still existing when application is made. It is evident from all of the language used, and from the various limitations prescribed, that it was not the intent of the Constitution, nor of the legislative act, that any disability would entitle a soldier to the preference sought, except a disability sustained in the actual performance of duty in war. While the petitioner asserts no other injury, he urges with vigor that his lack of a certain height, five feet, nine inches, is a " physical disability." Surely his stature was not lessened nor otherwise affected by his war service; and he makes no such claim. Accordingly, there is no basis in the Constitution or in the statute for the preference demanded.

Neither the Constitution nor the statute in any way prescribes the personal qualifications of game protectors, except as above noted, and as to age; nor does either fix any standard of height, or weight, or physical competence; these are left to be determined by the Commission, by rules and regulations, as is the mental test, even as to those persons who are entitled to preference. Game protectors are peace officers. (Conservation Law, § 169.) It is knowledge common to all that it has been long the usual practice in selecting the uniformed forces in this State, whether they be municipal police, the State constabulary, firemen or other law enforcement officers, to adopt a principle of uniformity and preliminary qualifications, and to prescribe a minimum height. And while one height might be regarded as sufficient for policemen in a small village, or even in a great city, where aid may be commandeered quickly and easily in an emergency, a different height might be reasonably thought necessary for a game protector ranging alone in the mountains, or other localities sparsely inhabited.

The Civil Service Commission has power to make rules and regulations for the classified service, for examinations and appointments, and for the methods, procedure and forms to be used therein (Civil Service Law, §§ 10 and 21; Civil Service Rules, rule XXIII.) The authority of the Civil Service Commission to prescribe preliminary qualifications has been generally recognized by the courts as a part of its rule-making power. And apart from a statutory inhibition, as here (Civil Service Law, § 21), they may prescribe an age limit for a civil service employee, and refuse an examination on that ground. (*People ex rel. Moriarty* v. *Creelman*, 206 N. Y. 570.) And its rules for the qualifications of officers, places, employments, examinations, promotions and appointments have not been questioned, except when clearly illegal, irrelevant or unreasonable. (*Matter of Loud* v. *Ordway*, 219 N. Y. 451; *People ex rel. Moriarty* v. *Creelman*, 206 id. 570; *People ex rel. Schau* v. *McWilliams*, 185 id. 92, 99; *Matter of Keymer*, 148 id. 219; *Matter of Allaire* v. *Knox*, 62 App. Div. 29; affd., 168 N. Y. 642.)

We regard the physical stature of a game protector as a matter clearly within the province of the Civil Service Commission, and the requirement that such an officer should have a height of five feet, nine inches is not unreasonable. The petitioner is not " competent " under the rule. The order should be reversed and the petition dismissed.

CRAPSER and BLISS, JJ., concur; HILL, P. J., dissents, with an opinion, in which RHODES, J., concurs.

HILL, P. J. (dissenting). This is an appeal by the Commissioners of the Department of Civil Service from an order of peremptory mandamus directing the Commissioners to approve the application of the petitioner to be permitted to take the examination for the position of game protector in St. Lawrence county, a position in the competitive civil service class. (Conservation Law, § 165.) Under section 14 of the Civil Service Law, the Commissioners have established as a preliminary requirement that candidates for game protector must be not less than five feet, nine inches in height. The petitioner is five feet, seven and three-fourths inches in height. The statement of that fact in his application was the sole ground upon which the Commissioners denied him permission to take the examination. He is a veteran of the World war; he enlisted July 8, 1917, and went over seas with Company B of the Twenty-seventh Division. After active service, during which he was gassed, he was honorably discharged and now receives a pension of sixty dollars a month. It is alleged in his petition that he "is thirty-five years of age, weighs 161 pounds and is five feet 7¾ inches in

height, and the heart condition which petitioner received in the war does not render him incompetent to perform the duties of the office of game protector." Through service in the army and the disability as recited, petitioner has a preference under the Civil Service Law. (§ 21.) Such an applicant " shall not be disqualified from holding any position in the civil service on account of his age or by reason of any physical disability provided such age or disability does not render him incompetent to perform the duties of the position applied for." The petitioner argues that the fact that he is one and one-quarter inches under the standard of height fixed for this position by the Commissioners is a " physical disability " and he may not be excluded by reason thereof from taking the examination or receiving the appointment if otherwise qualified. A veteran is not disqualified because he is of a greater age than prescribed by the Commissioners as a requirement. (*Matter of Loud* v. *Ordway*, 219 N. Y. 451). Petitioner's lack of height is a " physical disability." Webster defines " disability " *inter alia* as lack of physical fitness. Petitioner lacks the physical fitness as to height prescribed by the Commissioners. The term " disability " is " merely descriptive of the condition of the person." (*Terrell* v. *Moupin*, 83 S. W. 591, 592; 26 Ky. Law Rep. 1203.)

The argument that a veteran's preference is operative only after a place upon the list has been earned through a competitive examination is without weight if the veteran has been prevented by the wrongful act of the Commission from taking the examination through which he might be placed on the list. (*Matter of Loud* v. *Ordway, supra.*)

The order should be affirmed, with costs.

RHODES, J., concurs.

Order reversed on the law, with fifty dollars costs and disbursements, and motion denied, with ten dollars costs.