In the Matter of JOSEPH P. VITALE, Petitioner, against J. EDWARD CONWAY et al., Constituting the Civil Service Commission of the State of New York, Respondents.

Supreme Court, Special Term, Kings County, April 14, 1950.

*Leonard J. Meiselman* and *Lazar Emanuel* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Murray Sylvester* and *Jerome O. Glucksman* of counsel), for respondents.

LIVINGSTON, J.  This is a proceeding under article 78 of the Civil Practice Act to review a determination of the New York State Civil Service Commission denying the appeal of the petitioner from an order rejecting his application for appointment

to the position of court attendant in the Supreme Court, Court of General Sessions or County Court. Petitioner seeks an order revoking and annulling such determination and directing the respondents to certify him as eligible for appointment for such position.

Petitioner is a disabled veteran and his disability, the loss of his left eye, was incurred in the service of the armed forces. He has applied for the position of court attendant and successfully passed the written examination. The Civil Service Commission has, however, disqualified him for such position after a medical and physical examination for the reason that he has failed to meet the physical requirements as they are defined in Release No. 6290. Such requirements specify that candidates must have " satisfactory vision in both eyes (glasses permitted) and vision must average 20/30 for both eyes but not be poorer than 20/40 in either eye." Admittedly petitioner does not meet these requirements. In its answer the commission states: " Fifth: Heretofore the petitioner applied for examination for the position of court attendant in the Appellate Division, First and Second Judicial Departments, Supreme Court, First and Second Judicial Districts, County Court, Counties of Bronx, Kings, Queens and Richmond and the Court of General Sessions, County of New York, in accordance with the notice of examination and requirements numbered 6290, which is attached to the petition and marked exhibit ' D.' Thereafter, the petitioner was duly examined and his qualifications considered by the respondents. Sixth: As a result of this examination, it was determined that the petitioner was not competent to perform the duties of court attendant by reason of having completely lost the sight of his left eye."

It appears further that the primary functions of a court attendant who has successfully passed the examination referred to above are to preserve order in the courtroom in both the civil and criminal parts and to attend and guard jurors during their deliberation. In the performance of these duties a court attendant is called upon to act as a peace officer (Code Crim. Pro., § 154) in quelling disturbances and preventing violence.

In the circumstances, this court cannot say that the State Civil Service Commission was arbitrary, capricious or unreasonable in determining that the petitioner, lacking the sight of one eye, is not physically competent to meet and handle the emergencies which the duties of a court attendant entail. Furthermore, the fact that the municipal civil service commission may

have seen fit to approve the petitioner for appointment as a court attendant in the Municipal Court is not controlling upon the application made here.

It is not the function of the courts to interfere with the determinations of administrative bodies in the proper exercise of their discretion (*People ex rel. Schau* v. *McWilliams,* 185 N. Y. 92) nor to undertake to substitute their judgment for that of civil service commissions, upon whom is imposed the duty of determining the merit and fitness of those submitting themselves for examinations, preparing examinations and rating applications (*Matter of Sheridan* v. *Kern,* 255 App. Div. 57; *Matter of Gauthier* v. *Rice,* 246 App. Div. 179; *Matter of Allaire* v. *Knox,* 62 App. Div. 29, affd. 168 N. Y. 642; *Matter of Cowen* v. *Reavy,* 283 N. Y. 232, 237). In the latter case the court stated: "It is a function of the Civil Service Commission to fix a fair and reasonable standard by which may be tested the qualifications of applicants for appointment in the civil service. The exercise of that function may be the subject of judicial review only in the event of a clear showing that in fixing the test of fitness the action by the Commission was arbitrary, capricious or unreasonable. (*People ex rel. Sweeney* v. *Rice,* 279 N. Y. 70, 73; *Matter of Andresen* v. *Rice,* 277 N. Y. 271, 276, 277; *Matter of Barthelmess* v. *Cukor,* 231 N. Y. 435, 443.)"

In the light of the foregoing the court is of the opinion that the commission did not act arbitrarily or capriciously in rejecting petitioner's application. The petition is therefore dismissed. Submit order.