Harold A. Stbvbits, J.
This is an article 78 proceeding whereby petitioner seeks restoration to his former employment status and damages for an alleged wrongful discharge.
In 1953, petitioner received a provisional appointment as traffic sign maintainer. On May 27,1955, petitioner took an open competitive examination for permanent appointment as a traffic device maintainer. The list was promulgated February 8, 1956, petitioner placing- No. 131 on such list, and being then 59 years of age. On January 8, 1957, petitioner was appointed and given permanent status subject to an investigation, and to the rules and regulations of the Civil Service Commission, etc. On March 28, 1957, petitioner was interviewed and filled out a personnel history sheet. On May 7, 1957, petitioner was notified that his certification was revoked because he was over 45 years of age. On June 27,1957, his appeal was denied.
Between March 8, 1955 to March 28, 1955, respondents advertised and received applications for the position of traffic sign maintainer. The advertisement stated, in part, that it was open ‘ ‘ only to persons who shall not have passed their 45th birthday on the first day for the filing of applications.” “ Exceptions: (a) This requirement does not apply to disabled or non-disabled veterans.”
Petitioner’s application listed his date of birth as June 29, 1896. He did not however, claim veteran’s preference, though he is a veteran of World War I. On February 9, 1956, the day after the list was published, petitioner wrote to the respondents *623 complaining that he had not been credited with the 5 points allowed as veteran’s preference though on his application “ I stated I was a veteran. ’ ’ In fact, he had not so stated and was so informed by letter dated February 15, 1956.
Nothing appears relative to petitioner’s status as a veteran until March 28, 1957, when in Exhibit “ F ”, petitioner cited his military service, rank of corporal, attachment to 415 Motor Supply, and honorable discharge. In response to the question appearing thereon “ Have you claimed preference as a war veteran? ” Petitioner answered “ No.”
One of the rules of the respondents provides that ‘ ‘ A veteran * * * who elects to claim additional credit * * * must so notify the Director and establish by the appropriate documentary evidence his eligibility for such additional credit.” (Rules of City Civil Service Commission, rule VIII, § 1, par. 1.)
Respondents assert that it could properly set an age limit of 45 years, that section 6 of article V of the New York State Constitution abolished absolute veteran’s preference and substituted a point system in its place and section 21 of the Civil Service Law implemented the same. Respondents contend that “ an applicant does not attain ‘ veteran ’ status until and unless he meets all the conditions precedent to obtaining the benefits of the additional credit. An applicant is not a veteran under the statute merely by having served in the Armed Forces of the United States.” Respondents claim also that the statute is non-divisive “ That is, an applicant cannot claim status as a ‘ veteran ’ to take advantage of the waiver of age requirements under subdiv. 2(g) and at the same time waive the benefit of the additional credit so that it can be used at a later date. ’ ’
The respondents could properly set an age requirement of 45 years. However on the advertisement and on the application it is set forth that “ this requirement does not apply to disabled or non-disabled veterans (Sub. 2(g), Section 21, Civil Service Law.”
The pertinent provision of that section reads: “ A veteran shall not be disqualified from holding any position in the civil service on account of age except for positions for which age limitations are specifically authorized or prescribed by law, provided such age does not render such veteran incompetent to perform the duties of the position applied for.”
There is no evidence that petitioner was incompetent to perform the duties. In fact the contrary appears. The exception set forth by respondents in the advertisement and which appeared on the application to the effect that the age requirement did not apply to veterans, was an acknowledgment that *624 there was no age limitation “ specifically authorized or prescribed by law ” within the meaning of the statute.
On the facts before us we are of the opinion that a distinction must be made between the claiming of additional credits by way of veteran’s preference, which could not accrue automatically unless requested, and retention in service when status might become determinative.
On March 28, 1957, respondents became or should have become aware of the status of the petitioner by a reading of Exhibit “ P ”. They knew then of the existence of the status at the time the employment was terminated. We do not, under the circumstances here revealed, hold the statute and regulations nondivisive so that the failure to claim additional credits by way of preference, subjected petitioner to later dismissal. Petitioner did not make timely assertion of his claim for additional credits which might have placed him higher on the list, or assured job employment in preference to those of lower rating. However, having been placed in the job, and the existence of his status becoming known while still an employee, there was no right of termination. The fact that respondent elected to place a particular construction upon the term “ veteran ” and in its procedures establish what it termed conditions precedent to a creation of the status — as distinguished from additional credits allowable upon recognition of the status of “ veterans ”, cannot be allowed to take precedence over the clear meaning of the term as defined in the statute (Civil Service Law, § 21, subd. 1, par. [a]) nor to impose an additional burden not contemplated by its language.
Section 1286 of the Civil Practice Act provides, in part, that a proceeding be instituted within four months “ after the determination to be reviewed becomes final and binding, upon the petitioner ”. This proceeding is timely to review the discharge which became final in June, 1957. It is not timely as to additional credits allowable, nor did petitioner make timely claim thereto.
In summary, we find the termination of the employment unwarranted and in violation of the statute. Petition granted.
Settle order.