Samuel H. Hofstadter, J.
In this proceeding under article 78 of the Civil Practice Act, the petitioner seeks a review of the determination of the State Civil Service Commission finding him physically disqualified for the position of court officer and court attendant and an order directing the respondents to place him on the eligible list.
The notice of examination for the position of court officer and court attendant enumerated the courts in the First and Second Judicial Departments in which appointees might be called upon to serve. Among the courts so enumerated were criminal courts. The statement of the duties of the office included the following: “ In addition, in criminal courts, accompanying jurors to restaurants, hotels and scene of crimes, maintaining careful watch to prevent prisoners from escaping and to prevent others from aiding in attempted escapes; handling firearms in connection with such duties, where necessary; escorting prisoners to and from places of detention; protecting the court and spectators from violence.”
After the petitioner had passed the written test he underwent a physical examination. The physical-medical unit of the Department of Civil Service found that the petitioner did not meet the announced medical standards and accordingly disqualified him. He appealed from this disqualification to the Civil Service Commission which dismissed the appeal and sustained the action of the physical-medical unit. Thereupon he instituted the present proceeding; the respondents cross-move to dismiss the petition on the ground of its insufficiency.
Admittedly the petitioner suffers an impairment in his right arm, the residual effect of a childhood illness, which he disclosed frankly in his application. The petitioner does not seriously *556 question that this impairment renders him unfit to discharge the duties of the position in a criminal court, as stated above. He asserts that he seeks appointment to a civil court only. The respondents, however, are not bound by his choice in this respect. It is within their proper discretion to conduct an examination and to establish an eligible list for the position in both the civil and criminal courts so that appointments may be made to either a civil or a criminal court, as the exigency arises. Having once determined so to do, the respondents necessarily required the candidates to meet the announced medical standards, irrespective of whether eventually a particular individual might be appointed to a civil or a criminal court. It is difficult to see how the respondents could have proceeded otherwise if they were to promulgate a list from which positions were to be filled as the need arose. The right to prescribe physical standards and to disqualify a candidate who does not conform to them is beyond question. (Matter of Eisig v. Conway, 198 Misc. 770; Matter of Vitale v. Conway, 278 App. Div. 845, affg. 198 Misc. 140.)
The petitioner urges, however, that since females were admitted to the same examination and were placed on the eligible list, an unwarranted discrimination results, which renders the examination noncompetitive. This contention rests on the premise that males and females cannot meet the same physical test. Despite this, the fact remains that women do serve on the police force and as court attendants. They may, as court attendants, be called on to escort women prisoners and discharge like duties. It was therefore within the permissible discretion of the respondents to hold one examination for both males and females, rather than to hold separate examinations.
While the petitioner seems to have served creditably as a process server in the District Attorney’s office and to have performed many duties which tend to show that he possesses a good general physique, unfortunately the impairment which he suffers nevertheless makes him incapable of discharging all the duties of a court officer and attendant and hence constitutes a disqualification. The court is, therefore, constrained to grant the cross motion and to dismiss the petition.