Isadobe Bookstein, J.
This is an article 78 (Civ. Prac. Act) proceeding in, which petitioner, a war veteran, seeks to (a) have his name restored to the eligible list for the position of traffic and park officer of the Long Island State Park Commission, (b) have revoked the certifications and appointments of persons certified and appointed ahead of him, and (c) be certified and appointed nunc pro tunc to such position himself. The issue is whether the age limitation fixed for the position by the State Civil Service Commission can be applied to a war veteran. Petitioner’s position is that it cannot.be so applied.
The civil service announcement for this position (a policeman’s position) provides that candidates must be not less than 21 years of age nor more than 32 years of age on the date of examination and that eligibility for appointment will terminate *123 when the eligible reaches his 33rd birthday. The announcement also provides that the period of military service is to be excluded in determining maximum age (Military Law, § 243, subd. 10-a).
Petitioner was born on September 29, 1921. He had 3 years and 9 months of military service. Thus, on February 16, 1957, when the open-competitive examination for the position of traffic and park officer was held, petitioner was deemed eligible to take the examination. However, because of the maximum age requirement, when petitioner might have been reached for appointment on July 6, 1958 his name was removed from the list because he was deemed no longer eligible for appointment — he was than 36 years and 9% months old which, reduced by his military service of 3 years and 9 months, resulted in his being considered over 33 years of age.
This proceeding was commenced almost three years later in April, 1961, after petitioner had demanded earlier that month that his name be restored to the eligible list and certified for appointment, to which request respondents refused to comply.
Prior to the amendment of section 6 of article V of the New York Constitution, effective January 1, 1946, the Constitution and applicable statutes provided that, age limitations should not be applied to war veterans and the courts so held (see, for example, Matter of Loud v. Ordway, 219 N. Y. 451 [1916]).
However, as a result of the 1946 amendment of the Constitution, chapter 521 of the Laws of 1946 was enacted to implement such amendment. It added a new section 21 to the Civil Service Law and one of its provisions (subd. 3, par. [e]) was to the effect that veterans shall not be disqualified from holding positions in the civil service on account of age ‘ ‘ except for positions for which age limitations are specifically authorised or prescribed by law, provided such age does not render such veteran incompetent to perform the duties of the position applied for. ’ ’ (Emphasis supplied.) The present form of this language is in section 87 of the Civil Service Law.
At that time section 25-a of the Civil Service Law was in existence, the last paragraph of which read as follows: “ Nothing herein contained, however, shall prevent such state or municipal commission from adopting reasonable minimum or maximum age requirements for positions such as policeman, fireman, prison guard, or other positions which require extraordinary physical effort, except where age limits for such positions are already prescribed by law.” The present form of this language is in section 54 of the Civil Service Law.
In 1946 there was added to then section 246 of the Military Law (now § 243) subdivision 10-a, which provided that “ If *124 ma-srim-nm age requirements are established by law, or rule or by action of a civil service commission for examination for, or for appointment or promotion to, any position in the public service, the period of military duty as hereinbefore defined of a candidate or eligible shall not be included in computing the age of such candidate or eligible for the purposes of such examination or appointment or promotion.” (L. 1946, ch. 590.) The Governor’s Bill Jacket on file in the Legislative Reference Section of the New York State Library concerning chapter 590 of the Laws of 1946 contains information which indicates that knowledgeable civil service officials believed it was necessary to enact such a provision in order to accomplish such result and that the City of New York had adopted Local Law No. 51 for the year 1945 to provide for similar deduction of military service from maximum age requirements established for civil service examinations (see, also, N. Y. Legis. Annual, 1946, pp. 64, 351). If, as contended by petitioner, there is an absolute requirement that no age limitations may be made applicable to war veterans, there would have been no need for the enactment of chapter 590.
The Bill Jacket relating to chapter 521 of the Laws of 1946 indicates that its provisions were developed as the result of consultations among civil service officials and others interested in the implementation of the recently adopted constitutional amendment (see, also, 1946 Public Papers of Governor Dewey, pp. 298-300). It is noted that the statutory language itself contains no absolute provision requiring the elimination of age requirements in the cases of war veterans. Rather, it specifically provides that age limitations shall be recognized where they are authorized or prescribed by law. Clearly, this provision must be read with then section 25-a, which authorized the fixing of age limitations applicable to positions such as “policeman, fireman, prison guard, or other positions which require extraordinary physical effort.” It must also be read as indicating that those who drafted its provisions did not construe the new constitutional language as requiring the complete elimination of age requirements in the cases of all war veterans for all civil service positions.
Section 6 of article V of the Constitution was again amended, effective January 1, 1950 and section 21 of the Civil Service Law was amended by chapter 493 of the Laws of 1950 to conform it to the point credit system of the Constitution as so amended. So far as pertinent here, the 1950 amendment of section 21 was not significant.
*125 The courts have recognized the power of civil service commissions to establish minimum and maximum age limitations (Matter of Walden-El v. Brennan, 205 Misc. 351 [1953], affd. 283 App. Div. 771 ; Matter of Faulisi v. Board of Police Comrs., 7 Misc 2d, 704 [1957] ; McInerney v. Valentine, 181 Misc. 1062 [1943]).
Although petitioner has served week ends as a traffic and park officer pursuant to temporary appointment from May, 1955, except for approximately eight months during 1955-1956, such temporary appointment and service do not give him any special status with respect to the issue here (People ex rel. Hannan v. Board of Health, 153 N. Y. 513 [1897]).
Respondents take the position that except for the Military Law provision requiring the deduction of the period of military service from an age limitation fixed by a civil service commission for a position such as that of policeman, there .is no constitutional or statutory requirement eliminating age limitations so far as war veterans are concerned. It is their position that Matter of Loud v. Ordway (219 N. Y. 451, supra) and the constitutional and statutory law on the basis of which it was decided are no longer applicable.
This requires consideration of two recent proceedings cited by petitioner. The first is Matter of Walling v. Schechter (9 Misc 2d 621 [1957], affd. 8 A D 2d 605, affd. 7 N Y 2d 814) which related to the position of “ traffic device maintainer ”. In that proceeding, the civil service announcement clearly provided that the 45-year age limitation was not to be applied to war veterans and the proceeding itself related to the question of whether the petitioner had properly claimed veteran status. The propriety of the provision in the announcement exempting all war veterans from the age limitation was not raised. Accordingly, that proceeding is not helpful here. The other proceeding is Matter of Fitzgerald (Schechter) (N. Y. L. J., June 2, 1959, p. 12, col. 3, affd 10 A D 2d 570) which related to an examination for the position of “Housing Officer”. The announcement restricted candidates to a 20-35 age limitation. Petitioner, a war veteran, was 45 years of age. The examination announcement stated that the age limitation was not applicable to the veterans who claimed veteran’s credit under section 21 of the Civil Service Law. Since petitioner there had already utilized his veteran’s credit, he could not qualify under this wording. There is no reference in the court’s opinion to then section 25-a of the Civil Service Law which authorized the establishment of age limitations for positions such as that of policeman, nor *126 does the opinion indicate that the age limitation was fixed on such basis or that any argument was had on this point. Bather, the problem discussed by the court was whether the age limitation- could be waived for some war veterans, but not others. Thus, such proceeding is not helpful here, since the propriety of the exemption of any war veteran from the age limitation was not passed upon.
This court, therefore, comes to the conclusion that no clear-cut judicial determination has been called to its attention which requires the exemption of veterans from age limitations fixed by civil service commissions for positions such as that of “policeman”. As has been stated above the 1946 and 1950 legislation which was drafted contemporaneously with the effective dates of the current provisions of section 6 of article V did not continue an unqualified exemption but, rather, specifically provided for the application to war veterans of age limitations fixed by or pursuant to law. Clearly, this exception was drafted in the light of the provision of then section 25-a of the Civil Service Law which authorized the fixing of age limitations for positions such as that of “ policeman ”. Furthermore, as has been stated above, there would have been no reasonable basis for the addition of subdivision 10-a to then section 246 of the Military Law,
The language of the Civil Service Law at the time of the announcement of the examination for traffic and park officer, at the time of examination, at the time petitioner’s name was removed from the eligible list and at the present time are substantially the same as they were in 1946 — the provisions of then section 21 are now in section 87 and the provisions of then section 25-a are now in section 54.
This analysis, accordingly, leads to the conclusion that petitioner is not entitled to the substantive relief he seeks. His petition, therefore, is dismissed and there is no need to consider the other issues raised in the proceeding, such as whether or not petitioner is guilty of laches in not having brought his proceeding sooner.