■ In the Matter of Isaac Toban, Appellant, v. New York State Employees' Retirement System et al., Respondents.— Sweeney, J. Appeal from a judgment of the Supreme Court at Special Term, entered September 17, 1969 in Albany County, which dismissed petitioner's application in an article 78 proceeding to vacate a determination by the respondent that petitioner's effective date of retirement was March 1, 1968. Petitioner was a member of the New York State Employees' Retirement System and reached age 70 on February 10, 1968. On January 4, 1968 he filed an application for superannuation retirement to become effective on March 1, 1968, as required by subdivision b of section 70 of the Retirement and Social Security Law. His last day of work was February 29, 1968. He was paid by check dated February 28, 1968 for the payroll period ending on that date. By an additional check dated March 13, 1968 he received his salary for the last day he worked. Finally, he received a check dated March 27, 1968 representing compensation for accumulated vacation credits which had accrued to petitioner's benefit at the time of his retirement on March 1, 1968. This check actually compensated petitioner for the pay period ending April 11, 1968 comprising vacation time for 30 work days commencing March 1, 1968 and ending April 11, 1968. It is petitioner's contention that his employment was not terminated until the exhaustion of his accumulated vacation credits, namely, on April 11, 1968. The respondent contends, however, that section 70 mandates petitioner's retirement on March 1, 1968, the first of the month next succeeding the month in which he attained age 70, and his services could be continued thereafter only under certain conditions, not present in this case. Subdivision b of section 70 of the Retirement and Social Security Law provides: " Any member who attains age seventy shall be retired on the first day of the calendar month next succeeding such event." This statute clearly and unambiguously fixes the date for superannuation retirement. The cases relied on by appellant are readily distinguishable and do not support his contention: In *Matter of Blitz* (*Corsi*) (275 App. Div. 1015, affd. 302 N. Y. 573) this court merely held that an individual was not entitled to unemployment insurance benefits while drawing vacation pay, since

he was actually on the payroll. We recently held in *Matter of Haugh* v. *Levitt* (33 A D 2d 838) that the employment relationship existed "so long as services are accepted and salary paid". In the instant case the State could no longer accept service after March 1, 1968 as this statute for superannuation retirement operates automatically. (See *Haag* v. *City of New York*, 130 Misc. 124, affd. 220 App. Div. 704, affd. 245 N. Y. 604.) Judgment affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Cooke and Sweeney, JJ., concur in memorandum by Sweeney, J.