Alfred M. Ascione, J.
The petitioner is presently confined to the Women’s House of Detention, where she is serving a sentence of one year. This sentence was imposed by the Supreme Court of the State of New York, Kings County, after the petitioner pleaded guilty to the crime of criminal trespass, first degree. She is scheduled to be released on June 9,1971.
*632 In sentencing the petitioner, Mr. Justice Starkey, of the aforesaid court, provided as follows: “defendant [petitioner] is recommended to be screened for treatment pursuant to Local Law 47/69, commonly known as the Moskowitz Law.” Local Law No. 47 of the Local Laws of 1969, enacted by the City Council of the City of New York, constitutes an amendment to the Administrative Code of the City of New York, and is designated therein as sections 623 (2)-1.0 and 623 (2)-2.0.
In the instant proceeding, pursuant to article 78 of the CPLR, the petitioner seeks to compel the respondents, George F. McGrath, Commissioner of Correction of the City of New York, and Gordon Chase, Health Services Administrator of the City of New York, to provide her methadone maintenance treatment during the remaining period of her incarceration and thereafter. The petitioner alleges that she has neither been screened nor treated in accordance with the terms of the aforesaid sentence or the mandate of Local Law No. 47 of the Local Laws of 1969. Insofar as the rights of the petitioner under Local Law No. 47 of the Local Laws of 1969 were not in any way extended by the recommendation of Mr. Justice Starkey, that “ she be screened for treatment pursuant to Local Law 47/69 ” this court need only consider whether the respondents have impaired or otherwise violated the rights of the petitioner under that statute. Two distinct issues are raised with regard to this consideration. First, whether the petitioner was given reasonable access to the narcotics treatment program established by the respondents pursuant to Local Law No. 47 of the Local Laws of 1969, and second, whether the narcotics treatment program, established by the respondents, complied with the mandate of Local Law No. 47 of the Local Laws of 1969.
Although the respondents contend that the petitioner has never applied for entry into the subject program, whether or not the petitioner has made a formal demand consistent with the requirements of the respondents, the instant proceeding should be construed by the respondents as an application sufficient to qualify the petitioner for access to the subject program.
In determining whether the narcotics treatment program offered by the respondents complies with the mandate of Local Law No. 47 of the Local Laws of 1969, it is necessary to examine the statute.
Section 623 (2)-1.0 thereof, entitled Legislative Intent, provides in part: “ One of the conclusions of the final report s * * [of a demonstration project for the use of methadone *633 hydrochloride to combat heroin addiction, conducted between December, 1967 and April, 1968, at the City Prison at Bikers Island] reveals that a large number of the 4,000 to 5,000 addict prisoners would be willing to accept methadone maintenance treatment if it were available.” This section goes on to note that notwithstanding the success of the demonstration program, it was being abandoned. In order to provide for a continuing program, section 623 (2)-2.0, entitled Narcotics Treatment program was enacted. This latter section provides in part: ‘ ‘ The Commissioner [of Correction of the City of New York] shall establish a program for the treatment of heroin addicts through the use of methadone hydrochloride therapy. The program shall be available on a voluntary basis only to such inmates as apply, subject to a medical evaluation, before acceptance, of their need for such treatment. ’ ’
While the Commissioner of Correction has established a narcotics treatment program, petitioner contends that that program does not comply with mandate of Local Law No. 47 of the Local Laws of 1969. Specifically, the petitioner contends that, pursuant to Local Law No. 47 of the Local Laws of 1969, methadone maintenance must be made available to the inmates of the prison system of the City of New York during the entire period of their incarceration.
Testimony during the course of the trial herein established that under the program effectuated by the respondents, methadone maintenance is being made available only to persons who, when arrested, are identified as methadone maintenance patients. For those persons methadone maintenance is continued for approximately two to three weeks, after initial incarceration. At the end of this period, if these inmates are not released, they are taken off methadone maintenance. For persons who, when arrested, are identified as narcotic addicts, a program of methadone detoxification, lasting approximately one week, is being made available. A method of expediting the entry, on a voluntary basis, of inmates, upon their release from prison, into methadone maintenance treatment centers, is also being developed by the respondents.
The question remains, must, as the petitioner contends, methadone maintenance be made available to inmates of the prison system of the City of New York, pursuant to Local Law No. 47 of the Local Laws of 1969, during the entire duration of their incarceration. A review of this statute reveals that no such requirement is to be found therein. As previously noted, section 623 (2)-2.0 only provides that “ The Commissioner shall *634 establish a program for the treatment of heroin addicts through the use of methadone hydrochloride therapy ’ The statute does not specifically prescribe the type of program to be established, and in the absence of such a specific prescription, the Commissioner of Correction must exercise his discretion in effectuating a program under the statute.
Predicated upon the testimony presented herein, including that of medical witnesses, it is clear that the respondents believe it is medically inadvisable to administer methadone maintenance treatment on a large scale to prison inmates during the entire period of their incarceration. There has been no proof adduced that the respondents, in establishing the narcotics treatment program outlined by them, have acted in an arbitrary or capricious manner, in violation of Local Law No. 47 of the Local Laws of 1969. In the absence of such proof, the respondents’ discretion in implementing the statute must prevail. The court will not substitute its judgment in areas of executive or legislative prerogative (Matter of Beck v. Finegan, 254 App. Div. 110 ; Matter of Vitale v. Conway, 198 Misc. 140, affd. 278 App. Div. 845 ; Matter of Murphy v. Ziegler, 24 A D 2d 452, app. dsmd. 19 N Y 2d 596).
Accordingly, the petition is granted only to the extent of directing the respondents to take the necessary action to secure the admission of the petitioner into a methadone maintenance treatment unit upon her release from the Women’s House of Detention.