In the Matter of JOHN HOLBROOK, Appellant, v NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM et al., Respondents.

Third Department, February 12, 1981

### APPEARANCES OF COUNSEL

*John Holbrook*, appellant *pro se.*

*Robert Abrams, Attorney-General (John Q. Driscoll, William J. Kogan* and *Shirley Adelson Siegel* of counsel), for respondents.

### OPINION OF THE COURT

SWEENEY, J.

This is a CPLR article 78 proceeding brought by petitioner to vacate a determination of respondent New York State Employees' Retirement System, which concluded that petitioner was subject to mandatory retirement at age 70. The facts are not in dispute and the issue presented appears to be one of first impression.

Petitioner reached age 70 on June 10, 1980. He is a disabled veteran of the United States Army. He has held civil service positions with the State of New York since December, 1971, and is presently employed as an unemployment insurance referee with the State Department of Labor. By letter dated July 6, 1979 petitioner was advised that pursuant to subdivision b of section 70 of the Retirement and Social Security Law he was subject to mandatory retirement on June 30, 1980 by virtue of his age. Petitioner challenged the determination and maintained that he was exempt from mandatory retirement pursuant to section 87 of the Civil Service Law. In a letter deemed a determination of the Comptroller, his contentions were rejected and the instant proceeding was commenced. Special Term dismissed the petition and this appeal ensued. The precise question for our determination is whether petitioner's veteran status affords him protection from mandatory retirement at age 70.

A resolution of the question requires an examination and interpretation of several statutes. Petitioner relies on section 87 of the Civil Service Law which states, in pertinent part, as follows: "A veteran or disabled veteran shall not be disqualified from holding any position in the civil service on account of age, except for *positions for which age limitations are specifically authorized or prescribed by law*, provided such age does not render him incompetent to perform the duties of the position applied for." (Emphasis added.)

Respondents base their action on subdivision b of section 40 of the Retirement and Social Security Law which provides, in pertinent part:

"Membership in the retirement system shall be mandatory for the following:

"1. All persons who enter or re-enter the service of the state * * * after July first, nineteen hundred forty-eight".

Respondents also rely on subdivision b of section 70 of the Retirement and Social Security Law which provides, in part: "Any member who attains age seventy shall be retired".

A fair reading of section 87 of the Civil Service Law clearly demonstrates, and petitioner acknowledges, that it

allows disqualification of veterans for age "for *positions* for which age limitations are specifically \* \* \* prescribed by law" (emphasis added). He argues, however, that while subdivision b of section 70 prescribes mandatory retirement age for *members*, it does not constitute an age limitation for "positions" and, therefore, his position is not one for which age limitations are specifically prescribed by law and he consequently is protected by section 87 of the Civil Service Law. In other words, he contends that a veteran is protected by section 87 of the Civil Service Law unless an age limitation is prescribed by the specific legislation which created the position. He further argues that since section 87 of the Civil Service Law antedates subdivision b of section 70 of the Retirement and Social Security Law and the latter makes no express reference to the former, it has no effect on it. These arguments advanced by petitioner are, in our view, peculiarly unpersuasive. Examination and analysis of these statutes requires a contrary conclusion.

The language of subdivision b of section 70 of the Retirement and Social Security Law is clear and unambiguous and unmistakably directs that members of the system must be retired at age 70 *(Matter of Toban v New York State Employees' Retirement System,* 33 AD2d 955). The statutory language contained in section 87 of the Civil Service Law specifically provides that age limitations shall be recognized where they are authorized or prescribed by law *(Matter of Hart v Kaplan,* 28 Misc 2d 122, 124). Clearly then, the rights expressed in section 87 of the Civil Service Law may be limited by law. Full effect must, if at all possible, be given to both statutes *(People v Newman,* 32 NY2d 379, 389, cert den *sub nom. New York v Newman,* 414 US 1163). In our view, subdivision b of section 70 of the Retirement and Social Security Law is not inconsistent with section 87 of the Civil Service Law but rather compatible in that the former falls within the exception clause of the latter. The construction given to a statute by the agency responsible for its administration should be upheld by the courts if it is neither irrational nor unreasonable *(Matter of Howard v Wyman,* 28 NY2d 434, 438; *Matter of Nutt v New York State Employees' Retirement System,*

72 AD2d 898, 900). It is the opinion of this court that respondents' determinations cannot be said to be irrational or unreasonable and, therefore, Special Term properly dismissed petitioner's application.

The judgment should be affirmed, without costs.

MAHONEY, P. J., KANE, WEISS and HERLIHY, JJ., concur.

Judgment affirmed, without costs.