In the Matter of RICHARD MIRANDO, Appellant, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Pitt, J.), entered November 22, 1982 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent denying petitioner's application for accidental disability retirement, as untimely. Petitioner was employed by the State Police and joined the New York State Employees' Retirement System (hereinafter system) in 1953.[*] He alleges that he was injured in the course of his employment on February 8, 1956. In January, 1957 he resigned from the State Police and withdrew his contributions from the system. He thereafter became employed by the Buffalo Police Department in 1960 and rejoined the system and purchased back his prior service credits pursuant to section 341 of the Retirement and Social Security Law. On October 5, 1978, petitioner filed an application for accidental disability retirement pursuant to section 363 of the Retirement and Social Security Law, claiming that his 1956 injury had become progressively debilitating. Respondent denied petitioner's application on the ground that it was not timely filed in that petitioner was not actually in service upon which his membership was based at the time he filed his application as required by section 363 of the Retirement and Social Security Law. Special Term concurred and dismissed the petition. On this appeal, petitioner urges that section 340 (subd f, par 5) of the Retirement and Social Security Law, which entitles a member who has withdrawn from the retirement fund to re-enter within a five-year period from his withdrawal and to be "entitled to every retirement right, benefit and privilege which would have been available to him had he reentered employment on the date of such discontinuance from service", entitles him to file an application for accidental disability retirement based upon the accident occurring prior to his initial withdrawal. Subdivision a of section 363 of the Retirement and Social Security Law provides in pertinent part: "a. A member shall be entitled to an accidental disability retirement allowance if, at the time application therefor is filed, he is: * * * 2. Physically or mentally incapacitated for performance of duty as a natural and proximate result of an accident not caused by his own willful negligence sustained in such service, and while actually a member of the policemen's and firemen's retirement system, and 3. Actually in service upon which his membership is based. However, in a case where a member is discontinued from service subsequent to the accident, either voluntarily or involuntarily, application may be made not later than two years after the member is first discontinued from service and provided that the member meets the requirements of paragraphs one and two of subdivision a of this section." It is undisputed that petitioner did not file his application within two years of his first discontinuance of service in January, 1957. Section 363 (subd a, par 3), in clear and unambiguous language, requires that an application for accidental disability retirement benefits must be filed within two years of a first discontinuance from service. Petitioner's reading of section 340 (subd f, par 5) to be a saving statute is overbroad. The section does not, as he proposes, obliterate distinctions between those who continued in the system and those, like petitioner, who left. If the Legislature had intended to achieve such results, it could have clearly stated such intention as it has in other statutes (see Retirement and Social Security Law, § 343, subd a). We find compelling, too, in the resolution of this controversy, the expressed legislative intent behind passage of section 340 (subd f, par 5) which indicates that its purpose was to allow people to rejoin at the contribution and benefit levels from which they left (Governor's Bill Jacket, L 1977, ch 973). We hold that

---

[*] That system was succeeded in 1967 by the Policemen's and Firemen's Retirement System to which petitioner was automatically transferred (L 1966, ch 1000, § 2).

respondent's interpretation of the statute is reasonable and not irrational and must, therefore, be upheld (see *Matter of Howard v Wyman,* 28 NY2d 434, 438; *Matter of Holbrook v New York State Employees' Retirement System,* 79 AD2d 63, mot for lv to app den 54 NY2d 603). Judgment affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.